409 So.2d 64 (1982)
STATE of Florida, Appellant,
v.
Gary Clark COHEN, and John Chris Davis, Appellees.
Nos. AE-113, AE-114.
District Court of Appeal of Florida, First District.
January 11, 1982.
Rehearing Denied February 23, 1982.
Jim Smith, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., for appellant.
Robert M. Harris of Zisser, Robison, Spohrer, Wilner & Harris, Jacksonville, for appellees.
PER CURIAM.
This is a consolidated appeal from summary dismissal of Count II of the State's information charging appellees with attempted sale of cocaine. The trial judge dismissed the charges because the substance sold to an undercover agent as cocaine was later identified as lidocaine, an uncontrolled substance. In dismissing the charges the judge indicated that the State would have to present evidence of possession of cocaine with intent to sell and this would be impossible since the substance was not cocaine. We disagree. Possession is not a necessary element of the charge under Section 893.13(1)(a), Florida Statutes.
Criminal attempt occurs when (1) there is intent to commit a crime, and (2) there is an overt act which (3) falls short of the ultimate design due to circumstances independent of the will of the attemptor. Robinson v. State, 263 So.2d 595 (Fla. 3d DCA 1972); Groneau v. State, 201 So.2d 599 *65 (Fla. 4th DCA 1967). Here, we have evidence of the third element of attempt. The existence of a substance other than cocaine serves only to lower the charged offense from sale of cocaine to attempted sale of cocaine. The sale of an uncontrolled substance instead of cocaine is not a defense to attempted sale if the State can prove the other two elements of the attempt.
Although we find no Florida cases directly on point, the federal case of United States v. Oviedo, 525 F.2d 881 (5th Cir.1976), is factually similar in that it involved a conviction for attempted distribution of heroin when the substance was in fact uncontrolled procaine. The court reversed because Oviedo's conduct did not provide a strong objective basis for determination of criminal intent without the objective evidence of the heroin. However, that court recognized that the defendant could be found guilty of attempted sale of heroin, even absent existence of the drug, if the objective acts of the defendant were consistent with a criminal enterprise.
We find that the reasoning in United States v. Oviedo is consistent with Florida law on attempt, and the defendants should not be allowed to escape prosecution because an independent circumstance intervened to prevent the crime which they intended to commit and acted to carry out. The State should be allowed to present evidence of defendants' intent as well as objective acts marking their conduct as criminal in nature. Thereupon, the trier of fact can decide whether the defendants are guilty of an attempted sale of cocaine even absent the major objective element of the controlled substance itself.
We REVERSE and REMAND.
SHAW and JOANOS, JJ., and CAWTHON, VICTOR M., Associate Judge, concur.