428 So.2d 327 (1983)
STATE of Florida, Appellant,
v.
Harry V. THOMAS/Hubert D. Williams, Appellees.
Nos. AM-481, AM-482.
District Court of Appeal of Florida, First District.
March 18, 1983.
Rehearing Denied April 6, 1983.
*329 Jim Smith, Atty. Gen., Tallahassee, and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellant.
Louis O. Frost, Jr., Public Defender and James T. Miller, Asst. Public Defender, Jacksonville, for appellees.
SHIVERS, Judge.
Appellees Thomas and Williams were charged with violations of section 817.563, Fla. Stat. (1981).[1] The State appeals the orders of the trial court granting appellees' motions to dismiss on the ground that section 817.563 is unconstitutional. Appellant argues that the legislature, in defining this crime, may properly dispense with the element of specific intent in regard to a defendant's knowledge of the nature of the substance sold, that section 817.563 does not conflict with State v. Cohen, 409 So.2d 64 (Fla. 1st DCA 1982), and that section 817.563 is a valid exercise of police power by the legislature. We agree, reverse and remand.
We first note that the facts of the cases sub judice are unimportant since appellees attack the constitutionality of the statute on its face. It is alleged, however, that appellees, in separate incidents, sold a substance which was purported to be hashish but which later turned out to be an uncontrolled substance. Appellant's initial contention that appellees lack standing on the basis of the alleged facts of their cases is without merit. Appellees were charged with violations of section 817.563. A party subject to criminal prosecution has a sufficient personal stake in the penalty which the offense carries to confer the requisite standing to challenge the facial validity of that statute. State v. Benitez, 395 So.2d 514 (Fla. 1981).
The court below found that there was doubt as to whether the legislature intended to require proof of scienter as to both the offer to sell a controlled substance and the nature of the substance sold. The trial court, therefore, strictly construed the statute, refused to supply the "missing" elements of scienter and found the statute unconstitutional.
We begin our analysis with the language of the statute itself. "It is unlawful for any person to agree, consent, or in any manner offer to unlawfully sell to any person a controlled substance... ." (emphasis added). We cannot assume that the insertion of the word "unlawfully" by the legislature was merely accidental or redundant. It appears clear that the legislature intended to require scienter as to the offer to unlawfully sell. We therefore hold that this statute requires specific intent as to its first element, i.e., the State must prove beyond a reasonable doubt that the defendant agreed, consented or offered to sell a *330 substance which the defendant knew to be a controlled substance (and then sold an uncontrolled substance in lieu thereof). As such, section 817.563 requires mens rea and is not unconstitutional for lack thereof. See State v. Allen, 362 So.2d 10 (Fla. 1978).
Turning to the second element of this crime, the statute states that after a person has offered to unlawfully (knowingly) sell a controlled substance, the defendant must "then sell to such person any other substance in lieu of such controlled substance." The second element of this crime consists of the actual sale of an uncontrolled substance. There is nothing in the language of section 817.563 which evidences any intent on the part of the legislature to require a knowledge of the substance sold as an element of this crime. The scienter, or guilty knowledge, required by this statute relates to the offer to sell and not to the actual sale of the substance.[2] We hold, therefore, that only general intent, the intent to do the act prohibited, is required as to the second element of this crime. In other words, a defendant's knowledge of the nature of the substance sold is irrelevant if the defendant knowingly offers to sell a controlled substance and then sells an uncontrolled substance in lieu thereof.
The trial court also erred in holding that section 817.563 conflicts with the holding of this court in State v. Cohen, 409 So.2d 64 (Fla. 1st DCA 1982). In Cohen the defendant sold a substance to an undercover agent as cocaine. The substance was later identified as lidocaine, an uncontrolled substance. This court held that the State could properly charge the defendant with attempted sale of cocaine under such circumstances so long as all the elements of that crime were proven by the State. If the defendant intends to commit the crime and acts to carry it out, Cohen holds that the impossibility of the actual sale of a controlled substance does not prevent prosecution for attempt. Appellees contend that, under certain circumstances, the crime of attempted sale of a controlled substance under Cohen will have the identical elements as the crime of sale of counterfeit drugs under section 817.563. Appellees reason that the elements of the two crimes would be co-extensive in a situation where the seller of the substance actually believes that it is in fact a controlled substance. Since attempted sale of a controlled substance carries a lesser penalty than a violation of section 817.563,[3] appellees argue that this court should, at least, allow a defendant charged with the violation of 817.563 to raise the affirmative defense of mistake (as to knowledge of the substance sold) and thereby, in essence, admit guilt of the "lesser included offense" of attempted sale of a controlled substance. Thus, violation of section 817.563 would be the appropriate charge when one has sold a substance purported to be a controlled substance when the defendant knows that the substance is really an uncontrolled substance, and attempted sale of a controlled substance would be the appropriate charge if the defendant himself was mistaken as to the true nature of the substance sold. Appellees further argue that the uncertain ambit of the two crimes creates an ambiguity which, under the rule of lenity, this court should construe in a way most favorable to the accused. Busic v. United States, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). We cannot agree with this analysis.
Were the Legislature to create two separate crimes for exactly the same behavior, there may indeed be constitutional problems with such laws.[4] When the *331 elements of two or more different criminal statutes are not identical, however, a defendant's behavior in the course of a single transaction may satisfy the elements of more than one statute, and that defendant may properly be charged with as many distinct crimes as he has committed. Even where one of the crimes charged is a lesser included offense of another, the defendant may be charged and convicted of both as long as he is sentenced only for one. State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). The two crimes discussed in the instant case do not have identical elements. As discussed supra, section 817.563 focuses upon the offer to sell. It is the offer to sell a controlled substance which must be proven by the State to sustain a conviction. Section 893.13(1)(a), however, focuses only on the sale of the controlled substance. It is the sale of a controlled substance which the State must prove to sustain a conviction.[5] Although one might assume that a typical drug transaction would involve both an offer and a sale, it is not impossible to imagine a sale without an offer and vice versa. Whether it was wise for the legislature to design two separate crimes which so clearly overlap in most factual situations is not for this court to decide. The important point is that each crime contains an element which the other does not.
Furthermore, the doctrine of lenity has no application in the case at bar. This doctrine is applied only when there is ambiguity concerning the ambit of criminal statutes. United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). Section 817.563 is not ambiguous. Nor does the relationship between it and section 893.13 create any ambiguity. The clear intent of the legislature is that if one sells a controlled substance he can be charged with violation of section 893.13. If one knowingly offers a controlled substance but sells an uncontrolled substance in lieu thereof, he can be charged with violation of section 817.563.
The trial court's finding that the statute was not a valid exercise of the police power is also erroneous. It is clear that the trial court misconceived the legislative intent behind section 817.563. The court stated in its orders granting the motions to dismiss that the only valid interest advanced by that section is the protection of individuals from fraud and theft. Appellant, however, has pointed out several important public policies which the statute advances. For example, the statute protects the health of individuals who intend to take a controlled substance and believe that a controlled substance is being ingested. Counterfeit controlled substances create no physical tolerance as do genuine drugs, so that when real narcotics are later consumed, unintended overdoses are likely. Further, the legislature was concerned with the contradictory information concerning drug use presented to Florida youth. Drug education programs caution young people against the use of illegal drugs due to the harmful side effects. Youths who consume what they believe is a controlled drug, but which in reality is a counterfeit substance, do not experience the effects described in the drug education programs. Thus, youthful counterfeit drug users will not believe the information presented in drug education programs, and the programs are rendered meaningless. The legislature was also concerned with the proliferation of fake drugs throughout the state via organized racketeering networks, thereby enriching organized crime. The legislature has broad discretion in determining necessary measures for the protection of the public health, safety, and welfare. When the legislature acts in these areas, the courts may not substitute their judgment for that of the legislature concerning the wisdom of such acts. State v. Yu, 400 So.2d 762 (Fla. 1981), appeal dismissed, 454 U.S. 1134, 102 S.Ct. 988, 71 L.Ed.2d 286 (1982). In light of the foregoing, we hold that section 817.563, *332 Fla. Stat. (1981) is not unconstitutional for any of the reasons found by the court below. Accordingly, the trial court's rulings on appellees' motions to dismiss are erroneous and must be reversed. This cause is remanded to the trial court for proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] Controlled substance named or described in s. 893.03; sale of substance in lieu thereof.  It is unlawful for any person to agree, consent, or in any manner offer to unlawfully sell to any person a controlled substance named or described in s. 893.03 and then sell to such person any other substance in lieu of such controlled substance. Any person who violates this section with respect to:

(1) A controlled substance named or described in s. 893.03(1), (2), (3), or (4) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) A controlled substance named or described in s. 893.03(5) is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] We note that the legislature, with certain limitations, has the power to totally dispense with the elements of criminal intent in statutory crimes. State v. Medlin, 273 So.2d 394 (Fla. 1973); State v. Oxx, 417 So.2d 287 (Fla. 5th DCA 1982).
[3] For example, under sections 893.13 and 777.04, Fla. Stat. (1981) a person who commits attempted sale of a controlled substance such as cannabis is guilty of a first degree misdemeanor, whereas a person who offers to sell cannabis and sells an uncontrolled substance under section 817.563, Fla. Stat. (1981) is guilty of a third degree felony.
[4] Cf. Busic v. United States, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); Simpson v. United States, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978).
[5] Attempted sale of a controlled substance does not require intent as to the offer to sell, but it does require intent to sell a controlled substance. Cohen, supra. Section 817.563 requires intent as to the offer to sell but does not require intent to actually sell a controlled substance. Thus, each crime requires an element the other does not.