PER CURIAM.
Claimant appeals the order of the deputy commissioner finding him entitled to a compensation rate of $84.74, based upon an average weekly wage of $127.24. The only issue raised by appellant which merits discussion pertains to the deputy’s calculation of average weekly wage. In that regard, the deputy commissioner impliedly found that claimant actually worked two full weeks for the employer prior to his industrial accident. This finding is not supported by the evidence.
Claimant’s unrebutted testimony was that a work week basically consisted of five days. The wage records submitted into evidence show that claimant worked four days during the week of December 15, 1980 and only two days during the week of December 29, 1980, the last day of which claimant suffered injury. Thus, the finding that claimant’s average weekly wage was $127.24, based upon a determination that he worked two full weeks, is in error. Furthermore, the employer/carrier has conceded on appeal that the claimant earned a total of $264.60 rather than $254.48, as found by the deputy commissioner, during his employment with the employer. Accordingly, the cause is remanded to the deputy with instructions to recalculate claimant’s average weekly wage in accordance with the concession made on appeal and the evidence presented.
BOOTH, WIGGINTON and NIMMONS, JJ., concur.