430 So.2d 523 (1983)
M.P., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1964.
District Court of Appeal of Florida, Second District.
April 22, 1983.
*524 Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and David T. Weisbrod, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, a juvenile, was charged by petition for delinquency with three counts of sale of a substance in lieu of a controlled substance in violation of section 817.563, Florida Statutes (1981). Appellant allegedly offered to sell to three different persons Methamphetamine ("speed") but instead sold each of them "fake speed." Appellant moved to dismiss the charges, maintaining that section 817.563 suffered from constitutional infirmities. The trial judge denied the motion, and appellant entered a plea of nolo contendere, reserving the right to appeal the denial of the motion to dismiss. Adjudication of delinquency was withheld by the trial court, and appellant was placed in a community control program. Appellant filed a timely notice of appeal, and we affirm.
The same issues raised here by appellant were recently argued in State v. Thomas, 428 So.2d 327 (Fla. 1st DCA 1983), in which our colleagues in the First District held section 817.563 to be constitutional. We agree and adopt the reasoning of the court in that case with one exception. While we may be misinterpreting what the court said in Thomas, we are concerned with its statement that section 817.563 requires the state to prove "that the defendant agreed, consented or offered to sell a substance which the defendant knew to be a controlled substance (and then sold an uncontrolled substance in lieu thereof)." Thomas, at 329-330 (emphasis added).
Our particular concern is with the emphasized language. We interpret that statement to require that it be proven that the defendant originally intended to sell a controlled substance. If that interpretation is correct, we disagree, for we conclude that persons charged can be guilty of violating section 817.563 even if their intent is from the beginning to sell an uncontrolled substance, and the original "fake" offer to sell a controlled substance is a complete subterfuge. While trying not to strain too much with the language, we conclude that the requirement of the statute that there be an "offer to unlawfully sell to any person a controlled substance" has reference to an offer of an unlawful sale, i.e., a sale not authorized by law, regardless of the fact that there is never any intent to actually sell a controlled substance. In other words, the defendant could be guilty of violating the statute, if from the beginning he planned the entire transaction as a "scam" or "sting" type of operation.
AFFIRMED.
HOBSON, Acting C.J., and GRIMES, J., concur.