444 So.2d 63 (1984)
STATE of Florida, Appellant,
v.
Ricky BUSSEY, Appellee.
No. 82-2145.
District Court of Appeal of Florida, Fourth District.
January 11, 1984.
Rehearing Denied February 15, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellee.
BERANEK, Judge.
Appellant was charged by information with the sale of a noncontrolled substance in violation of Section 817.563, Florida Statutes (1981), which states as follows:
817.563 Controlled substance named or described in s. 893.03; sale of substance in lieu thereof.  It is unlawful for any person to agree, consent, or in any manner offer to unlawfully sell to any person a controlled substance named or described in s. 893.03 and then sell to such person any other substance in lieu of such controlled substance. Any person who violates this section with respect to:
(1) A controlled substance named or described in s. 893.03(1), (2), (3), or (4) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) A controlled substance named or described in s. 893.03(5) is guilty of a misdemeanor of the second degree, punishable *64 as provided in s. 775.082, s. 775.083, or s. 775.084.
This statute makes it unlawful to offer to sell a controlled (illegal) substance and then sell a noncontrolled (legal) substance in lieu thereof. The statute is a fraud measure contained in Chapter 817, Florida Statutes, governing "Fraudulent Practices." The trial court found the statute to be unconstitutional as an improper exercise of police power. The court found that the state had no proper purpose in enacting laws to enforce quality control in illegal drug transactions. The same rationale is stated in State v. Manucy, 417 So.2d 1021 (Fla. 1st DCA 1982), where the First District held that the sale of an uncontrolled substance in lieu of a controlled substance could not be grand theft by fraud in violation of Section 812.014, Florida Statutes (1979). The court reasoned that the theft statute was meant to vindicate only reasonable expectations of the consumer and that such consumer protection concepts simply have no application in illegal drug transactions. In short, the court held that purchasers of illegal drugs were not entitled to consumer protection under the theft statute.
The First District did, however, uphold the constitutionality of Section 817.563 in State v. Thomas, 428 So.2d 327 (Fla. 1st DCA 1983). The Thomas court initially considered the question of scienter as applicable to Section 817.563. The opinion expressly holds scienter necessary to only the first half of the statute dealing with the offer to sell an illegal drug. However, some doubt is cast upon this holding in the closing paragraphs of the opinion.[1] The court held that the statute was a valid exercise of the police power by finding that the statute protected the health of individuals because the taking of an uncontrolled substance would not produce a physical tolerance as do genuine drugs so that when real narcotics are later taken, users may overdose. Further, the court found that the statute protected a valid public interest in high school drug education programs because students might unwittingly take uncontrolled substances when they thought they were taking controlled substances and thus lose confidence in the drug programs. While we agree that the legislature has broad discretion in determining necessary measures to protect the health, safety and welfare of the public, we disagree with the First District's rationale because it appears this statute is supposed to be a fraud statute rather than a drug abuse statute. Protection of drug users from overdosing and protection of high school drug programs clearly deal with drug abuse and not with fraud. Further, there is already a counterfeit drug statute in this state. See Section 831.31, Florida Statutes (1981), which makes it unlawful for any person to sell any counterfeit controlled substance. This statute protects the public from counterfeit drugs  even if such drugs are harmless.
Carrying it a step further, the Second District Court of Appeal has agreed with the First District Court of Appeal, at least in part, in M.P. v. State, 430 So.2d 523 (Fla. 2d DCA 1983). In this case the Second District found Section 817.563 constitutional but contrary to the First District concluded that there was no requirement of any specific intent contemplated by the statute. Once again, the statute is discussed purely as a drug measure.
We conclude that the trial court correctly found Section 817.563 to be unconstitutional. It is our conclusion that the section violates due process requirements in that it does not contain any requirement of intent as to the sale of a counterfeit drug. We also conclude the statute is vague in that it does not say whether the person selling the counterfeit drug must know it to be counterfeit or must know it not to be counterfeit. We certainly think *65 the legislature has power to control the sale of counterfeit drugs and to make it unlawful for a person to sell or attempt to sell anything representing it to be a controlled substance or any other unlawful substance. However, to do away with intent in a fraud statute is to violate the common law concepts of the crime. It is similar to the problem faced by the Florida Supreme Court in State v. Allen, 362 So.2d 10 (Fla. 1978), dealing with the deletion of specific intent in theft; and Bell v. State, 394 So.2d 979 (Fla. 1981), dealing with specific intent in robbery cases. In addition, the statute is inherently vague in its definition and in its penalty provisions. The statute does not actually state whether it is the drug intended to be sold or the substance actually sold which determines whether it is a felony or misdemeanor. Perhaps the only logical construction is that if a person offers to sell an illegal drug and then actually sells a legal substance the act is a felony or misdemeanor depending on which type of illegal substance was originally offered. However, the Second District in M.P. v. State, supra, has held that there is no necessity of any intent to actually sell a controlled substance. The First District held in Thomas that Section 817.563 only applies when the defendant actually knows that the substance sold is a legal substance and not when he has a mistaken belief that it is an illegal substance. A close reading of Thomas indicates the statute applies only when one knowingly offers an illegal drug and then knowingly sells a legal substance. The Thomas opinion is in disagreement with M.P. v. State, supra, which holds that there need be no intent to ever sell an illegal drug but only an offer to do so. After consideration of the statute and the cases construing it we conclude it is vague and thus constitutionally infirm.
In conclusion, we find Section 817.563 to be a fraud statute and as such, it was a violation of due process to prosecute the defendant under the statute which makes no provision for specific intent as to the sale of the uncontrolled substance. As a fraud statute Section 817.563 is not a proper exercise of the police power and is unconstitutionally vague. The order of the trial court finding the statute unconstitutional is thus affirmed.
COCALIS, PATRICIA W., Associate Judge, concurs.
ANSTEAD, C.J., dissents with opinion.
ANSTEAD, Chief Judge, dissenting.
I would construe the statute, as the state conceded at oral argument it should be construed, as requiring an intent to deceive, and uphold the constitutionality of the statute with that construction. Cf. State v. Allen, 362 So.2d 10 (Fla. 1978) and Bell v. State, 394 So.2d 979 (Fla. 1981). It appears that at least one of the concerns of the legislature was to deal with "rip-offs" in drug transactions, especially those transactions involving undercover officers who might be sold bogus drugs. In addition to the other laws proscribing illegal drug activity, Section 817.563, is designed to deal with this precise form of criminal activity, i.e., "rip-offs." Obviously, any accused who has represented a substance to be one thing, and knowingly substitutes another, has the intent to deceive, and would be in violation of this statute.
NOTES
[1] In discussing lesser included offenses the Thomas court stated that Section 817.563 is the appropriate charge only when the defendant "knows" that the substance actually sold is an uncontrolled substance. Thus a person who pretends to sell marijuana and who knowingly sells hay commits a felony but if he sells the same hay actually thinking it to be marijuana he is guilty of only a misdemeanor.