453 So.2d 485 (1984)
Henry Lee LINDSEY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 83-2153.
District Court of Appeal of Florida, Second District.
August 1, 1984.
Jerry Hill, Public Defender and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
Lindsey appeals the judgment and sentence on three counts for the sale of phenobarbital, *486 section 893.13(1)(a)(2), Florida Statutes (1981), and one count for the sale of substance in lieu of a controlled substance, section 817.563, Florida Statutes (1981).
The appellant has attacked section 817.563 as being unconstitutionally vague as a fraud statute and an improper exercise of police power. He argues that in State v. Bussey, 444 So.2d 63 (Fla. 4th DCA 1984), the Fourth District ruled that section 817.563 is unconstitutional, and that this court should follow suit.
In M.P. v. State, 430 So.2d 523 (Fla. 2d DCA 1983), this court considered this same issue and held that section 817.563 was constitutional. See also Houser v. State, 453 So.2d 484 (Fla. 2d DCA 1984); State v. Growden, 437 So.2d 783 (Fla. 2d DCA 1983); State v. King, 435 So.2d 370 (Fla. 2d DCA 1983); and State v. Thomas, 428 So.2d 327 (Fla. 1st DCA 1983). Despite the view of our sister court in Bussey, we adhere to our holding in M.P. and reaffirm the constitutionality of the statute.
As to the second point on appeal, we hold that there was sufficient circumstantial evidence upon which the jury could find Lindsey guilty. Therefore, the trial judge did not err in denying Lindsey's motion for judgment of acquittal.
The two final points on appeal deal with the appellant's sentencing pursuant to Florida Rules of Criminal Procedure 3.701 and 3.988. We find merit in Lindsey's arguments in regard to both the trial judge's departure from the guidelines and the use of the scoresheet.
Under rule 3.701(d)(11), a trial judge is allowed to depart from the range set forth in the rules only where there are "clear and convincing reasons to warrant aggravating or mitigating the sentence." (Emphasis added). In this case, the trial judge departed from the guidelines and imposed an aggravated sentence on the appellant. During the sentencing proceeding, the judge stated that facts which came out during the trial showed that the appellant was a drug dealer. The trial judge explained that, although the four counts upon which the appellant was convicted were taken into consideration within the sentencing guideline point system, the appellant could have been convicted of ten or twenty counts if the undercover police officers had continued to buy drugs from him rather than stopping after four transactions. We hold that the judge could properly take into consideration the fact that the appellant was a drug dealer based upon facts which were revealed during trial. However, the judge's reasoning that the appellant "could have" been convicted of ten or twenty counts is speculative. Speculation as to what the appellant might have done in the future is not a clear and convincing reason for departure from the guidelines, and therefore, although we affirm the judgment of guilt, we reverse and set aside the sentence imposed and remand for resentencing.
The appellant also contends that the trial judge incorrectly used the sentencing scoresheet from Category VII (drugs), rule 3.988(g), whereas he should have used the scoresheet from Category VI (theft, forgery, fraud), rule 3.988(f). The appellant was convicted on three counts under a drug statute, and one count under a fraud statute. All four counts are third degree felonies. According to the then rule 3.701(d)(3)(b), which was in effect at the time of sentencing, if there are two or more offenses of the same degree the primary offense is determined by "the lowest numerical offense category." In this case, the third degree fraud conviction is within a lower numerical offense category than the three third degree drug convictions. Therefore, upon remand for resentencing, the judge should use the scoresheet from Category VI to calculate the sentence.
The judgment of guilt is AFFIRMED; the sentence is REVERSED and set aside and the matter is REMANDED for resentencing in accordance with instructions.
HOBSON and BOARDMAN, JJ., concur.