472 So.2d 1296 (1985)
Ollie William CANNADA, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1131.
District Court of Appeal of Florida, Second District.
July 12, 1985.
*1297 James Marion Moorman, Public Defender, Bartow and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
Ollie William Cannada appeals his convictions and sentences for injuring a police dog and battery on a law enforcement officer. We affirm the convictions, but reverse the sentences.
*1298 On the evening of April 5, 1983, Cannada took a short cut through the University of Tampa grounds on his way home from his construction job. A female University police officer with a police dog told Cannada that he was trespassing and asked him to leave. Cannada protested the officer's interference and kept walking. When the officer's statement that she was placing Cannada under arrest for trespassing did not stop him, she grabbed his arm. A struggle ensued during which the officer was pushed to the ground and the police dog attacked Cannada. When the dog attacked, Cannada grabbed it by its choke collar, lifted the dog over his head and slammed it onto the ground, thereby injuring the dog. Cannada fled and was apprehended a short time later.
The state charged Cannada with resisting arrest with violence, trespass, injury to a police dog, and battery on a law enforcement officer. Cannada was declared incompetent to stand trial and was placed in the Florida State Hospital at Chattahoochee. Seven months later, upon receiving the opinions of Cannada's physicians and a stipulation by defense counsel, Cannada was found competent by the trial judge to stand trial. In exchange for the state's agreement to dismiss the charges of resisting arrest with violence and trespass, Cannada entered an "open" plea of nolo contendere to the charges of injuring a police dog and battery on a law enforcement officer. The "open" plea here was without reservations and unfettered by any other agreement save for the state's representation that it would not proceed further on the resisting arrest and trespass charges.
At sentencing, the trial judge, prosecutor and defense counsel all assumed that the sentencing guidelines contained in Florida Rule of Criminal Procedure 3.701 applied. The guidelines recommended a non-state prison sanction. When the trial judge indicated that he might depart from the guidelines, Cannada moved to withdraw his plea on the ground that he had not been made aware that he could be sentenced outside the recommended range. The trial judge denied the motion and, departing from the guidelines, sentenced Cannada to the maximum sentence in this case of five years consecutive on each count.
Cannada argues here that he should have been allowed to withdraw his plea. We disagree. Cannada only agreed to plead nolo contendere in exchange for the state's dismissal of two counts of the information. The state kept its side of the bargain. Cannada did not condition his plea on a sentence within the sentencing guidelines recommended range. The trial judge did not err in denying Cannada's motion to withdraw his plea. We affirm his convictions.
We reverse the sentences imposed, however, as Cannada did not affirmatively select sentencing pursuant to the sentencing guidelines. Because the crime occurred prior to October 1, 1983, and Cannada was sentenced thereafter, the guidelines did not apply unless he affirmatively selected them. § 921.001(4)(a), Fla. Stat. (1983). The record reflects that, although all parties assumed the guidelines applied, Cannada never clearly and unequivocally selected them. The trial judge erred in imposing a guidelines sentence absent Cannada's affirmative selection. Hart v. State, 464 So.2d 592 (Fla. 2d DCA 1985); Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984); Rodriguez v. State, 458 So.2d 899 (Fla. 2d DCA 1984).
Although it is not necessary for us to now decide this issue, we have grave doubts about the validity of any of the reasons used by the trial judge for departing from the guidelines recommended sentence. The first reason given, that Cannada had a job, was considered a responsible citizen and did not abuse drugs or alcohol, is patently unconvincing. The judge also departed because of Cannada's prior record, consisting of three offenses. Cannada was convicted, however, of only one of the offenses. A departure from the recommended sentence based on offenses for which no convictions were obtained is invalid. Rule 3.701(d)(11).
*1299 Two other reasons given for departure were injury to the police officer and her fear that her life was in danger during the incident. The only evidence as to the officer's injuries and fear was contained in the presentence investigation report. Another reason was injury to the dog. The only evidence about the extent of the dog's injury was also the police officer's unsworn statements in the presentence investigation report. The defense attorney questioned the accuracy of the police officer's statements contained in the report and requested an opportunity to cross-examine the officer. When a defendant disputes the truth of hearsay statements contained in presentence investigation reports and asserts his right of cross-examination, the state must produce corroborating evidence. Eutsey v. State, 383 So.2d 219 (Fla. 1980). This standard applies to sentencing guidelines cases. Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985). The trial judge erred in not requiring the state to produce the police officer for cross-examination after the defense attorney disputed the accuracy of her statements in the report. The trial judge should not have departed from the guidelines based on the officer's disputed, unsworn statements.
We also question whether, even with corroborating evidence of the dog's injuries, they would support a departure from the guidelines. Cannada was charged with injury to a police dog pursuant to section 843.19, Florida Statutes (1983).[1] For a conviction under that statute, a defendant must inflict "great bodily harm, permanent disability, or death upon a police dog." § 843.19(2). An inherent component of a crime will not support a guideline departure. Steiner v. State, 469 So.2d 179 (Fla. 3d DCA 1985); Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985); Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985); Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984). Twelve points for victim injury were added to the score in computing the recommended sentence. Because great injury to the police dog is an inherent component of the crime, the trial judge should not have departed from the guidelines on that basis.
Accordingly, we affirm Cannada's convictions, but reverse the sentences imposed and remand for resentencing. At resentencing, Cannada may affirmatively select to be sentenced under the sentencing guidelines. If he does not, the trial judge shall resentence him in accordance with laws in effect at the time of the underlying offense.
CAMPBELL and FRANK, JJ., concur.
NOTES
[1] Section 843.19, Florida Statutes (1983), provides:

Injuring or killing police dog prohibited; penalty.-
(1) As used in this section, the term "police dog" means any dog which is owned, or the service of which is employed, by a law enforcement agency for the principal purpose of aiding in the detection of criminal activity, enforcement of laws, or apprehension of offenders.
(2) Any person who knowingly and willfully and without lawful cause or justification inflicts great bodily harm, permanent disability, or death upon a police dog is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.