481 So.2d 560 (1986)
William Earl PARKER, Appellant,
v.
STATE of Florida, Appellee.
Michael HUGHEY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-856, 85-882.
District Court of Appeal of Florida, Fifth District.
January 16, 1986.
James B. Gibson, Public Defender, and Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for appellant William Earl Parker.
Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant Michael Hughey.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Parker and Hughey appeal from sentences received after their convictions of robbery,[1] use of a firearm,[2] and possession of a short-barreled shotgun.[3] We sua sponte consolidate these two cases on appeal because they involve co-defendants who were given identical departure sentences under the guidelines[4] for identical reasons. Because the reasons given for departing are insufficient under current supreme court decisions, we vacate the sentences and remand for resentencing.
The trial judge sentenced these appellants to a total of thirty-five years in state prison in the face of a presumptive sentence range of nine to twelve years  a departure of four cells. Explaining his reasons, the trial judge wrote:
1. Victim Impact: Although no points are included in the guideline scoresheet, the Court observed the impact of this crime on the young station attendant who looked down the barrel of the shotgun. He was visibly shaken at the trial and throughout his testimony. He will bear the mental scar of this occurrence throughout his life.
2. Risk to Lives of Others: Throughout the perpetration of this crime other persons who came upon the scene were put in danger of losing their lives.
3. Lack of Remorse: The defendants have shown no remorse for the crime and insist that the attendant was swindled and cheated by a card trick.

*561 4. Extensive Criminal Background: This defendant's pre-sentence investigation revealed that he has throughout his life been engaged in criminal activity; that he is beyond rehabilitation and a menace to society.
5. Rights of the State and People: This defendant indicated in the plea bargaining before his criminal record was fully known, that he would enter a guilty plea if the guideline sentence was stipulated as the sentence range. The Court refused to be so bound and now feels justified, if not, compelled in imposing a sentence in excess of guideline maximum, particular [sic] since the P.S.I. now reveals the defendant's criminal record is extensive. While recognizing that a defendant who protests his innocence and has a reasonable defense at trial should not be punished solely for going to trial. This Court believes that society has the right to impose a sentence in excess of the guideline maximum and more in line with the statutory penalty because the Court and the State refuse a guideline sentence cap on a defendant who, forces the judicial system through a two day trial and presents a defense at trial that was a ludicrous farce.
6. Separate Weapon Offense: The record indicates that the defendant had been traveling about all day with the short barrel shotgun in the car. He and his accomplices were apprehended a considerable distance from the scene with the shotgun in the car. This in the Court's judgment justified a separate consecutive five (5) years sentence.
Certain of these written reasons, particularly numbers 3 and 5, have been held to be an inappropriate basis to impose a departure sentence. Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985); Garcia v. State, 466 So.2d 1211 (Fla. 4th DCA 1985); Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984). Reason number 6 is also insufficient, because the crime of carrying the short-barreled shotgun was already calculated on the scoresheet. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Although reason numbers 1 and 2 may be appropriate, the record does not clearly support the trial judge's findings in this case.
In our view, departures from the presumptive guideline sentence range have been considerably limited by recent judicial interpretations. Hendrix; Albritton v. State, 476 So.2d 158 (Fla. 1985). Only a few grounds for departure remain viable, and for how long we cannot say.[5] Since the trial judge did not have the benefit of this recent case law at the time of sentencing, we vacate the sentences and remand for resentencing.
VACATE SENTENCES; REMAND.
COBB, C.J., and UPCHURCH, J., concur.
NOTES
[1] § 812.13(2)(a), Fla. Stat. (1983).
[2] § 790.07(2), Fla. Stat. (1983).
[3] § 790.221, Fla. Stat. (1983).
[4] Fla.R.Crim.P. 3.701(d)(11).
[5] See, e.g., Weems v. State, 469 So.2d 128 (Fla. 1985) (unscored convictions valid reason for departure).