492 So.2d 410 (1986)
Diane C. Riebling DIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1644.
District Court of Appeal of Florida, Fifth District.
July 3, 1986.
Rehearing Denied July 31, 1986.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
*411 SHARP, J.
Dixon appeals from a departure sentence totaling ten years imprisonment after she pled guilty to ten counts of grand theft of the second degree.[1] The presumptive sentence range under the guidelines was any nonstate prison sanction and a ten-year sentence represents a seven cell departure.
The trial judge's order explaining his reasons for departure is in the form of a two-page narrative. We point out that use of a narrative format is not the best way to indicate reasons for departure. It is more useful, for purposes of review, if the written reasons are in the form of a clearly delineated list. The reasons for departure provided by the judge in this case in his narrative can be summarized as follows:
(1) The victim in this case was the defendant's employer, for whom defendant worked as a bookkeeper and secretary. Defendant embarked upon a scheme over a period of time to bilk her employer who trusted her.
(2) Lack of remorse.
(3) There is no doubt in the mind of the trial judge that this defendant will again engage in criminal conduct.
(4) The defendant was charged with 48 counts of violating the law.
None of these are valid clear and convincing reasons for departure. Reason (1) was rejected by the Florida Supreme Court in State v. Mischler, 488 So.2d 523 (Fla. 1986). In Mischler, the supreme court considered the following question certified by the Fourth DCA as being a question of great public importance:
Does the theft by a bookkeeper of a major portion of her employer's assets constitute a clear and convincing reason to depart from the guidelines and aggravate a sentence?
488 So.2d at 523. The supreme court agreed with the district court and answered the question in the negative. In so holding, the Florida Supreme Court explained:
[T]he special relationship between the defendant and her employer is an inherent component of the crime for which she was convicted and cannot be used to justify departure. Further, as noted below, "[w]ere we to uphold a departure from the guidelines in this case, it would serve as authority to do the same in most instances of embezzlement, a result obviously not intended when the guidelines were conceived. 458 So.2d at 40.
Moreover, if the sentencing commission had intended to impose a harsher sentence on those convicted of embezzlement as opposed to theft it would have placed embezzlement in a different category than theft for purposes of establishing a score under the sentencing guidelines.
488 So.2d at 526.
Reason (2) is also invalid. Parker v. State, 481 So.2d 560 (Fla. 5th DCA 1986); Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985). Reason (3) is unsupported by the record, particularly in light of the fact that Dixon had no record prior to this case. In addition, speculation about possible conduct is not a valid reason for departure. McBride v. State, 477 So.2d 1091 (Fla. 4th DCA 1985); Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984), aff'd, 477 So.2d 565 (Fla. 1985); Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984). As to reason (4), Dixon was charged with forty-eight counts but was only convicted of ten. Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained. Fla.R.Crim.P. 3.701(d)(11).
Since the reasons for departure given by the trial court are not valid, clear or convincing reasons, we vacate the departure sentence and remand the case for resentencing.
VACATED AND REMANDED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] § 812.014, Fla. Stat. (1983).