505 So.2d 467 (1987)
Marcus GAYNOR, Appellant,
v.
STATE of Florida, Appellee.
No. 86-682.
District Court of Appeal of Florida, Second District.
February 18, 1987.
On Motion for Rehearing and to Clarify Opinion April 8, 1987.
*468 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Theda R. James, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Marcus Gaynor, was convicted of two counts of burglary, carrying a concealed firearm, grand theft and the felonious possession of a firearm. The scoresheet recommended a sentence of 9 to 12 years. The trial court, departing from the guidelines, sentenced Gaynor to 15 consecutive years on each burglary count and 5 years on all of the other charges to run concurrently with the burglary sentences. Thus, Gaynor was sentenced to 30 years imprisonment.
Gaynor contends the trial court erred in exceeding the guidelines. First, he asserts that the two burglary convictions arose from a single continuous episode thus prohibiting the imposition of consecutive sentences on each count. State v. Ames, 467 So.2d 994 (Fla. 1985). The record reveals that although the burglaries occurred on the same evening, two separate homes were entered. The trial court did not err in imposing consecutive sentences; the burglaries occurred at different times and places. Palmer v. State, 438 So.2d 1 (Fla. 1983).
*469 We agree with Gaynor, however, that each of the nine reasons, set forth below, is an invalid reason for departure:
1. Both dwellings were occupied by entire families, including young children, who were asleep at the time of the burglaries.
The appellant was charged with second degree burglary of a dwelling pursuant to section 810.02(3), Florida Statutes (1985). Entry into an occupied dwelling is an essential element of that crime. An inherent component of a crime cannot be used to justify departure. Cannada v. State, 472 So.2d 1296 (Fla. 2d DCA 1985).
2. A confrontation could have easily occurred because Mrs. Sutton awakened to see the defendant on all fours on the floor next to the bed she and her husband were occupying.
The second reason also encompasses a component of the crime charged. Id. Moreover, there is no evidence that a confrontation took place. Factors relating to an offense for which convictions are not obtained cannot support a guideline departure. Dixon v. State, 492 So.2d 410 (Fla. 5th DCA 1986).
3. The evidence supports the conclusion that defendant entered both houses while in possession of a fully-operable firearm although the state did not charge the burglary as such.
Dixon also renders this reason impermissible as a basis for departure.
4. Defendant has a long history of burglary convictions dating back many years and has been sentenced to lengthy state prison sentences previously which obviously have not discouraged his propensity for committing burglaries.
Previous convictions which are factored into the scoresheet computation cannot justify departure. Frank v. State, 490 So.2d 190 (Fla. 2d DCA 1986). Furthermore, the fact that incarceration has failed to rehabilitate the offender will not, standing alone, constitute a valid basis for departure. Cf. Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985).
5. The only reasonable approach in this case is to warehouse defendant in state prison so he cannot commit further burglaries for a substantial period of time.
Speculation that the offender will again engage in criminal behavior has been held an invalid reason for departure. Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984).
6. The defendant has shown an inability to be rehabilitated.
The unexplicated conclusion that Gaynor is incapable of rehabilitation is invalid. Scobee v. State, 488 So.2d 595 (Fla. 1st DCA 1986).
7. The defendant was recently released from custody for a similar type of offense when he committed these crimes.
The timing of offenses can serve as a valid basis for departure when supported by the record. Fleming v. State, 456 So.2d 1300 (Fla. 2d DCA 1984). Here, however, the record does not disclose Gaynor's release date. Hence, we cannot determine whether the timing of the offenses will serve to support departure.
8. Due to the nature of the crime, the defendant left emotional scars on the victims.
The state agrees that the record does not support this departure ground.
9. The crimes showed planning and premeditation as evidenced by the use of gloves and the distance that the defendant had to travel from his home to commit the offenses.
In Brown v. State, 483 So.2d 537 (Fla. 2d DCA 1986), we determined that premeditation will not support departure from the guidelines.
Accordingly, we remand for resentencing consistent with the guidelines. The trial court may consider departure, however, if it finds the crimes were committed at times proximate to Gaynor's release from prison.
SCHOONOVER, A.C.J., and HALL, J., concur.

ON MOTION FOR REHEARING AND TO CLARIFY OPINION
FRANK, Judge.
The state asserts that our rejection of planning and premeditation as elements *470 supporting departure from the guidelines is erroneous in light of the supreme court's decision in Lerma v. State, 497 So.2d 736 (Fla. 1986). The state is correct; our decision in Brown v. State, 483 So.2d 537 (Fla. 2d DCA 1986), to the extent it generally forecloses premeditation as a ground for departure, has not survived Lerma. Thus, premeditation or calculation, if not an inherent component of the crime, can sustain departure if there are facts proven beyond a reasonable doubt disclosing those mental processes. Carnegie v. State, 498 So.2d 1020 (Fla. 2d DCA 1986). Here, however, we are unable to determine the element of either premeditation or calculation from the undifferentiated reference in the departure document to "crimes." In any event, even if we were to assume upon the present record that departure based upon premeditation or calculation was justified, the eight remaining invalid grounds convince us that resentencing is appropriate. See Albritton v. State, 476 So.2d 158 (Fla. 1985).
In all other respects the motion for rehearing is denied.
SCHOONOVER, A.C.J., and HALL, J., concur.