521 So.2d 265 (1988)
Ronald COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1659.
District Court of Appeal of Florida, Second District.
March 2, 1988.
*266 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Ronald Coleman appeals consecutive fifteen and five-year sentences in prison for delivery of cocaine and possession of cocaine, respectively. The recommended guidelines sentence was twelve to thirty months. This is the second appeal of this sentence and, finding no valid reasons for departure, we again reverse.
In 1983 Coleman was charged with possession and delivery of cocaine. In 1984 he was charged with another count of possession of cocaine and two counts of battery on a law enforcement officer. He was sentenced to fifteen years in prison on the 1983 delivery charge and five years consecutively on the 1984 possession charge. The other charges were dismissed. In departing from the recommended guidelines range, the court stated that it would include in written reasons for departure:
his background, his prior convictions, the fact that while under arrest for selling drugs to anyone to [sic] happened to come by on the street, and in the Court system, not appearing in court, the officers go out to arrest him again on that offense and during that he is not only found in possession of drugs while facing a delivery of cocaine charge, but struggles violently with the police officers.
A written order was filed some three weeks later which included the reasons given verbally by the judge as well as, "the defendant's insistence to the court at sentencing that the officers were lying ..." and the lack of a "reasonable belief that the defendant can be rehabilitated." Coleman filed timely notice of appeal.
On the prior appeal, Coleman v. State, 486 So.2d 43 (Fla. 2d DCA 1986), this court reversed and remanded for resentencing because there was no indication in the record that Coleman ever affirmatively elected to be sentenced under the guidelines *267 for the 1983 charge, and because there was no scoresheet in the record, nor evidence that the court considered a scoresheet. The decision, written by Judge Hall, indicated that if the trial judge again departed from the guidelines, he should be guided by certain cited cases which invalidated the reasons given for departure. Nevertheless, we again have this sentence for review.
At the resentencing hearing before the trial judge on May 28, 1986, the following occurred:
MR. FUENTE: Judge, this is Mr. Coleman before the Court. I have gone over the files with him, and it is my understanding based upon the opinion and based upon my review with Mr. Nelson of the guidelines recommended range that he would come to twelve to thirty months.
MR. NELSON: Yes.
THE COURT: They said I have to give him that, I have no alternative?
MR. FUENTE: The opinion doesn't say that. It does say when this Court elected to go beyond the guidelines, it did so improperly.
THE COURT: Do we have a scoresheet now?
MR. FUENTE: Judge, the scoresheet, I believe, comes out to 86 points. That puts him in the twelve to thirty-month block prepared this morning by Mr. Nelson and myself.
THE COURT: And he does elect the guidelines?
MR. FUENTE: Yes, Judge.
THE COURT: Did I do a written order?
MR. FUENTE: Judge, that was one of the problems. The written order was done three or four weeks afterwards, and he never received it and was not present when the order was signed.
.....
THE COURT: Okay. I will note your objection. I am going to exceed the guidelines based on the written order that I will again refile. I will note your objection. You can, of course, appeal it, and make sure the Public Defender picks it up for appeal.
When you do that and they get the notice of appeal filed, then I will discharge you and you submit a written order to be paid for your services for him and the sentence stands. We do have the scoresheet and he has selected the guidelines. He objects to my exceeding the guidelines. I note that objection, and he can appeal it.
Coleman's motion to reduce or correct the sentence was denied and notice of appeal was again timely filed.
Coleman argues on appeal only that the court erred in departing from the guidelines because the reasons given are invalid. Coleman does not question whether he was lawfully resentenced after the remand. Although the trial judge had ample opportunity to do so, he again neglected to tell Coleman the reasons for the departure. The court did not even inform Coleman what his sentence was. We assume, as the appellant apparently does, that the docket notation in the record "sent. stands" means that the original consecutive sentences of fifteen and five years were again imposed. Because Coleman did not argue the procedural posture, we need not address it.
We first consider then those reasons for departure given verbally by the trial judge at the initial sentencing. The judge cited the defendant's prior criminal history, but a defendant's prior record has been held to be an invalid reason for departure in Hendrix v. State, 475 So.2d 1218 (Fla. 1985), Whitehead v. State, 498 So.2d 863 (Fla. 1986), and Bogan v. State, 489 So.2d 157 (Fla. 2d DCA 1986).
That the appellant may have resisted arrest, and failed to appear in court are also invalid reasons. Reasons for departure shall not include factors relating to the instant offense for which convictions have not been obtained, or offenses for which he has not been convicted. Fla.R. Crim.P. 3.701(d)(11). See State v. Tyner, 506 So.2d 405 (Fla. 1987); Gaynor v. State, 505 So.2d 467 (Fla. 2d DCA 1987). But see Williams v. State, 504 So.2d 392 (Fla. 1987). Because Coleman was not charged with failing to appear, and the battery charges resulting from his apparent resistance to arrest were dismissed, this conduct cannot *268 be considered for departure from the guidelines. Nor is the unsupported conclusion that Coleman "would have sold drugs to anyone" a valid reason for departure. See Gaynor v. State, 505 So.2d 467 (Fla. 2d DCA 1987); Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984).
The remaining reasons for departure listed in the written order were not articulated in the defendant's presence at either sentencing hearing, contrary to Florida Rule of Criminal Procedure 3.701(d)(11). We note however that these reasons are also invalid. Coleman's "lack of respect for the law" is not supported by the record, and his alleged "disregard for the criminal justice system", and "inability to be rehabilitated" are not valid reasons for departure. Hendsbee v. State, 497 So.2d 718 (Fla. 2d DCA 1986) and Gaynor v. State, 505 So.2d 467 (Fla. 2d DCA 1987). That Coleman "lied" to the court by denying struggling with the police is likewise an invalid basis for departure. See Sloan v. State, 472 So.2d 488 (Fla. 2d DCA 1985); Cannada v. State, 472 So.2d 1296 (Fla. 2d DCA 1985); Carnegie v. State, 498 So.2d 1020 (Fla. 2d DCA 1986).
Finding no valid reasons given for a departure sentence, we reverse and remand for resentencing within the guidelines.
LEHAN, A.C.J., and PARKER, J., concur.