CAMPBELL, Chief Judge.
Appellant, James Mendel, was found guilty of possession of cocaine and possession of a firearm during the commission of a felony. Although the guidelines score-sheet showed the sentencing range to be any nonstate prison sanction, the court departed and sentenced appellant to serve five years in prison on the cocaine count and fifteen years on the firearm count, consecutive. Appellant argues that the trial court used improper reasons to support the departure. We agree.
The trial court gave three reasons for departure: (1) Appellant’s status as a drug dealer; (2) the professional manner in which the crime was committed; and (3) the quantity of drugs involved.
The first two reasons are invalid because they are not supported by the evidence. There is nothing in the record to support a finding that appellant was guilty of trafficking and the jury so found. There were two quantities of drugs: (1) One small amount in a codefendant’s purse; and (2) over twenty-eight grams in the co-defendant’s flight bag, enough to constitute trafficking. The jury specifically found appellant not guilty of trafficking. Appellant cannot be acquitted of trafficking only to have the judge increase his sentence for his status as a drug dealer and for the sophisticated manner in which the trafficking was committed. State v. Tyner, 506 So.2d 405 (Fla.1987); Gaynor v. State, 505 So.2d 467 (Fla. 2d DCA 1987); Dixon v. State, 492 So.2d 410 (Fla. 5th DCA 1986).
While the court may consider the circumstances of an offense, it may not consider facts for which appellant was charged but not convicted. See Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984).
The third reason given to depart was the quantity of drugs involved. Not only was appellant acquitted of the crime involving the large quantity, but that reason has been found invalid by the Florida Supreme Court. Atwaters v. State, 519 So.2d 611 (Fla.1988).
We, therefore, vacate appellant’s sentence and remand to the trial court for sentencing within the guidelines range.
THREADGILL and PARKER, JJ., concur.