DAUKSCH, Judge.
This is an appeal from a conviction for sale of a substance in lieu of a controlled substance. The statute is found under Chapter 817 “Fraudulent Practices” and declares that “it is unlawful for any person to agree, consent, or in any manner offer to unlawfully sell to any person a controlled substance ... and then sell to such person any other substance in lieu of such controlled substance.”
The facts of this case are that appellant offered to sell marijuana to a person who, unknown to him, was a policeman. The parties agreed upon a price, the appellant showed the policeman what he purported to be marijuana and the policeman arrested him for sale of marijuana. Appellant then told the policeman it was not real marijuana. After testing, the substance was found not to be marijuana and appellant was charged, convicted and sentenced to prison for selling bogus marijuana.
The question on appeal is whether the facts support the conviction. It is our opinion they do not and reverse the conviction.
In order for us to reach our conclusion we have compared the crime charged with another crime, that of sale of a controlled substance. The latter statute is found in Section 893.13, Florida Statutes (1981) which is under the Drug Abuse Prevention and Control Act. In that Act it is declared unlawful for one “to sell ... or deliver, or possess with intent to sell, ... or deliver, a controlled substance.” There is a marked difference between these two statutes. When one is charged under the drug abuse statute it is sufficient for a conviction to prove that a person merely possessed the substance with intent to sell, whereas under the fraudulent practices statute there is a requirement that it be proved that a sale was completed. That is, it is not enough to prove that a person possessed a bogus controlled substance with intent to sell it as a controlled substance. See State v. Thomas, 428 So.2d 327 (Fla. 1st DCA 1983). Perhaps this can be demonstrated by saying no one should be convicted of a crime for the mere intent to commit that crime. It is evident this appellant intended to commit the crime, he even attempted to do so, but it is equally evident the policeman arrested him before the sale occurred and thus stopped the *394 commission of the crime. This statute requires the sale — an attempt to do so is not encompassed within it, unlike the theft statute, for instance. Of course, a jury could have found him guilty of the attempt but it did not do so because this case was decided below on motion to dismiss.
In its brief the state points to the standard jury instruction in drug cases which defines sale: “Sell means to transfer or deliver something to another person in exchange for money or something of value or a promise of money, or something of value.” It is urged by' the state that the officer’s promise of money was sufficient to complete the sale and it does not matter that neither the product nor the money changed hands. We cannot agree because we read this particular statute to require more than a seller’s possession with intent to sell and a buyer’s promise to pay.
For good reason the statute in this case is not a drug abuse prevention and control statute but is a fraudulent practices statute. Before enactment of this statute there was no specific crime proscribing this conduct so the larceny (now known as theft) statute was employed to punish those who induced undercover agents to part with money when it was thought drug cases were being made but drug cases were not being made.
It is easier and cleaner to convict someone of the specific bad conduct than it is to convict under a general statutory proscription. It is also fairer to the public to know exactly what conduct is unlawful. In fact, it is probably true that many law abiding people would think it alright for one to sell lawn grass to a “druggie” in the guise of marijuana. The rationale being that “it serves them right!” Of course no law abi-der would apply the same rule to policemen who are endeavoring to stop unlawful drug sales. To bilk them out of money should be, and by this statute is, unlawful but to violate the statute the sale must have been truly completed — delivery (actual or constructive) of the substance the police were led to believe was controlled but turned out not to be, and a payment for it.
The court erred in denying the motion to dismiss because the facts do not support the charge. We make no decision as to the viability of any other prosecution.
REVERSED and REMANDED.
ORFINGER, C.J., and COWART, J., concur.