463 So.2d 1141 (1985)
STATE of Florida, Appellant,
v.
Ricky BUSSEY, Appellee.
STATE of Florida, Appellant
v.
Herbert Lee GAINES, Appellee.
STATE of Florida, Appellant
v.
James Earl DOTSON, Appellee.
Nos. 64966, 64967 and 64968.
Supreme Court of Florida.
February 7, 1985.
*1142 Jim Smith, Atty. Gen., and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, 15th Judicial Circuit, West Palm Beach, for appellees.
BOYD, Chief Justice.
These consolidated cases are before the Court on appeal from decisions of the District Court of Appeal, Fourth District, in which that court held a state law unconstitutional. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We find the district court's rulings erroneous and therefore reverse.
The state accused appellee Bussey of agreeing, consenting, or offering to sell heroin, a controlled substance, and then selling another substance, a compound of caffeine and methapyrilene, in lieu of heroin, in violation of section 817.563, Florida Statutes (1981). Bussey moved to dismiss the charge on the ground that the statute was unconstitutional. The trial court held the statute unconstitutional and dismissed the charge. The state appealed and the district court affirmed the ruling of the trial court. State v. Bussey, 444 So.2d 63 (Fla. 4th DCA 1984).
Appellees Gaines and Dotson were also charged separately with the offense proscribed by section 817.563. Both moved to dismiss on constitutional grounds. The trial courts denied the motions. Both men were convicted. However, on appeal the convictions were reversed on the authority of State v. Bussey. Dotson v. State, 446 So.2d 1084 (Fla. 4th DCA 1984); Gaines v. State, 444 So.2d 553 (Fla. 4th DCA 1984).
Section 817.563 provides:
It is unlawful for any person to agree, consent, or in any manner offer to unlawfully sell to any person a controlled substance named or described in s. 893.03 and then sell to such person any other *1143 substance in lieu of such controlled substance. Any person who violates this section with respect to:
(1) A controlled substance named or described in s. 893.03(1), (2), (3), or (4) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) A controlled substance named or described in s. 893.03(5) is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The district court of appeal found several constitutional infirmities affecting the statute. First, the court found due process principles violated by the lack of a sufficient requirement of intent. Second, the court found the statute vague due to the lack of clarity about what degree and quality of intent is required. Third, the court also suggested that the statute is invalid for lack of a rational connection to a legitimate state purpose.
On the question of intent, the district court reasoned that the statute is essentially a measure against fraud and that therefore proof of specific intent is necessary under historical common-law principles now considered part of the concept of due process. We do not agree that the statute is aimed at preventing fraud. The legislature, in enacting section 817.563, was not concerned with protecting persons illegally purchasing controlled substances from the danger of being sold bogus controlled substances. The district court noted that "[t]he statute is a fraud measure contained in Chapter 817, Florida Statutes, governing `Fraudulent Practices.'" 444 So.2d at 64. This observation does not establish that the statute is a fraud measure. The arrangement and classification of laws for purposes of codification in the Florida Statutes is an administrative function of the Joint Legislative Management Committee of the Florida Legislature. § 11.242, Fla. Stat. (1983). The classification of a law or a part of a law in a particular title or chapter of Florida Statutes is not determinative on the issue of legislative intent, though it may be persuasive in certain circumstances. Where there is a question, established principles of statutory construction must be utilized. It seems clear to us that section 817.563 is not a fraud statute; it is not designed to protect illegal drug users and dealers from fraudulent representations by other dealers. We find that the statute is merely a part of the law of this state pertaining to drug abuse prevention and control and is rationally related to the purposes for which those laws were enacted.
Criminal offenses based upon possession and sale of illegal drugs may be defined so as to require only a general intent and need not require a specific intent. See State v. Medlin, 273 So.2d 394 (Fla. 1973). It is within the authority of the legislature to dispense with specific criminal intent when defining crimes. State v. Gray, 435 So.2d 816 (Fla. 1983).
In State v. Thomas, 428 So.2d 327 (Fla. 1st DCA), review denied, 436 So.2d 101 (Fla. 1983), the court found that by using the words "agree, consent, or in any manner offer to unlawfully sell" (emphasis added), the legislature demonstrated an intention to require proof of knowledge with regard to the controlled substance agreed or offered to be sold. As to the second element  the providing of some other substance in lieu of the controlled substance agreed upon  the district court in Thomas found that only a general intent was required. The court in Thomas found the statute constitutional. The district court in the present case found the statute invalid for lack of a requirement of proof of specific intent to obtain money by false pretenses of illegally supplying a controlled substance.
We find the statute is not a fraud statute and we agree with the Thomas court on the matter of intent. We therefore hold that the statute is not invalid for lack of a necessary specific intent requirement.
In support of its conclusion that the statute is vague, the district court said that *1144 "it does not say whether the person selling the counterfeit drug must know it to be counterfeit or must know it not to be counterfeit." 444 So.2d at 64. The court continued as follows:
The statute does not actually state whether it is the drug intended to be sold or the substance actually sold which determines whether it is a felony or misdemeanor. Perhaps the only logical construction is that if a person offers to sell an illegal drug and then actually sells a legal substance the act is a felony or misdemeanor depending on which type of illegal substance was originally offered. However, the Second District in M.P. v. State, supra, [430 So.2d 523 (Fla. 2d DCA 1983)] has held that there is no necessity of any intent to actually sell a controlled substance. The First District held in Thomas [State v. Thomas, 428 So.2d 327 (Fla. 1st DCA 1983)] that Section 817.563 only applies when the defendant actually knows that the substance sold is a legal substance and not when he has a mistaken belief that it is an illegal substance. A close reading of Thomas indicates the statute applies only when one knowingly offers an illegal drug and then knowingly sells a legal substance. The Thomas opinion is in disagreement with M.P. v. State, supra, which holds that there need be no intent to ever sell an illegal drug but only an offer to do so. After consideration of the statute and the cases construing it we conclude it is vague and thus constitutionally infirm.
444 So.2d at 65. The quoted matter shows that in the district court's analysis the question of vagueness was conceptually intertwined with the question of intent. The question presented by a vagueness challenge, however, is whether the language of the statute is sufficiently clear to provide a definite warning of what conduct will be deemed a violation; that is, whether ordinary people will understand what the statute requires or forbids, measured by common understanding and practice. Zachary v. State, 269 So.2d 669 (Fla. 1972); Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934).
Section 817.563 defines an offense having two constituent factual requirements that must be shown. The first is for a person to agree, consent, or offer to sell a controlled substance to another. The second is for the person to then provide "any other substance in lieu of such controlled substance." These two requirements are based on a reading of the plain language of the statute and are set forth with sufficient clarity to withstand constitutional scrutiny.
The offense defined by section 817.563 is designated as a third-degree felony or a second-degree misdemeanor depending upon the controlled substance "with respect to" which the violation occurs. It is patently obvious that this refers to the controlled substance with respect to which the agreement, consent, or offer to sell is made. Thus there is no vagueness about the possible penalty.
The remaining constitutional problem identified in the district court's opinion is the argument that the statute bears no reasonable relationship to a legitimate state purpose. It should be kept in mind that in the absence of an impingement upon constitutional rights, a violation of limitations on state power, or a suspect classification, an act of the legislature is presumed to be constitutional. The burden is on the challenger to demonstrate that the law does not bear a reasonable relationship to a proper state objective. We believe that the legislature could reasonably have concluded that the providing of bogus drugs[1] in lieu of controlled substances unlawfully *1145 agreed or offered to be sold is conduct inconsistent with the health and welfare of the people of this state. See, e.g., State v. Yu, 400 So.2d 762 (Fla.), appeal dismissed, 454 U.S. 1134, 102 S.Ct. 988, 71 L.Ed.2d 286 (1981). It is not necessary that we provide specific justifications for the statute in terms of state policy as was undertaken by the court in State v. Thomas. The possible state purposes offered by the court in that opinion are plausible, if not compelling. It is likely that Judge Anstead, in his dissenting opinion below, came closest to discerning the actual legislative impetus: where drug enforcement agents plan a controlled purchase in order to prosecute the suppliers, all their efforts are in vain when the drugs supplied turn out not to be controlled substances. 444 So.2d at 65.
We conclude that section 817.563 is a drug abuse law rather than a fraud law; that a general intent is required and is all that need be required; that neither the proscriptive parts nor the penalty provisions of the law are vague; and that the law is rationally related to a legitimate state purpose.
For the foregoing reasons we quash the decisions of the district court of appeal in the cases under review. Case no. 64,966 is remanded with directions to reverse the order granting the motion to dismiss. Case nos. 64,967 and 64,968 are remanded with directions to affirm the orders denying the motions to dismiss.
It is so ordered.
OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] We use the term "bogus drugs" as a short-term way of referring to the substances supplied in violation of section 817.563. "Bogus drugs" are to be distinguished from "counterfeit drugs." Section 831.31, Florida Statutes (1981), prohibits the sale, manufacture, or delivery of "counterfeit controlled substances." That statute is directed at the false or unauthorized labelling of controlled substances that are available for use by medical prescription or other authorization. Both section 817.563 and section 831.31 were enacted as parts of chapter 81-53, Laws of Florida. Chapter 81-53 took effect October 1, 1981.