BOYD, Chief Justice.
This cause is before the Court on petition for review of a decision of the Second District Court of Appeal, Houser v. State, 453 So.2d 484 (Fla.2d DCA 1984). The district court acknowledged conflict with a decision of another district court of appeal. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner was convicted of two counts of agreeing to sell a controlled substance and then selling another substance in lieu of the controlled substance agreed to be sold, in violation of section 817.563, Florida Statutes (1983). On appeal, petitioner challenged the constitutionality of the statute on two grounds. The district court of appeal upheld the statute and acknowledged that its decision was in conflict with that rendered in State v. Bussey, 444 So.2d 63 (Fla. 4th DCA 1984).
On review by this Court, the decision of the Fourth District Court of Appeal in Bus-sey was quashed, and the constitutionality of the statute was sustained. State v. Bussey, 463 So.2d 1141 (Fla.1985).
Conceding that our decision in Bussey controls on the question of the constitutionality of the substantive, prohibitive portion of the statute, petitioner emphasizes the argument that the classification and penalty provisions of the statute lack a rational basis. He argues that by measuring the seriousness of the offense in terms of the substance offered or agreed for sale rather than looking at the substance actually provided, the law bears little or no relationship to the objective sought to be achieved by the statute.
Section 817.563, Florida Statutes (1983), provides as follows:
It is unlawful for any person to agree, consent, or in any manner offer to unlawfully sell to any person a controlled substance named or described in s. 893.03. and then sell to such person any other substance in lieu of such controlled substance. Any person who violates this section with respect to:
(1) A controlled substance named or described in s. 893.03(1), (2), (3), or (4) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) A controlled substance named or described in s. 893.03(5) is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.-083, or s. 775.084.
The statute differentiates between the seriousness of the two offense classifications— third-degree felony and second-degree misdemeanor — based on “the controlled substance with respect to which the agreement, consent, or offer to sell is made.” State v. Bussey, 463 So.2d at 1144.
It is this feature of the statute — measuring seriousness by the identity of the substance offered or agreed rather than by the substance actually provided — that the petitioner challenges on constitutional grounds. We quote the following arguments from petitioner’s brief:
*550 Petitioner asserts that it is incongruous and violative of due process that the penalty provisions of the instant statute are predicated upon a schedule of controlled substances when no controlled substances are involved. The instant Statute as written does not punish a more severe act with a more severe penalty. Rather, it punishes a person for placing a different name on a lawful substance regardless of the potential harm that the substance could cause or the severity of the fraudulent act. An individual could sell 1,000 gallons of flavored water and call it codeine (Schedule V) fraudulently sell it for Fifty Thousand Dollars ($50,-000.00) and the individual would only be guilty of a second-degree misdemeanor under this statute. If another individual took one drop of the same water and sold it for One Dollar ($1.00) and called it morphine, he would be guilty of a felony under this Statute even though the first individual received Forty-nine Thousand Nine-hundred Ninety-Nine Dollars ($49,-999.00) more than the second individual. Furthermore, an individual could sell liquid bleach or acid and call it codeine (Schedule V) and the individual would only be guilty of a second-degree misdemeanor under the Statute. If another individual took one drop of flavored water but called it morphine, he is guilty of a felony yet the individual who sold the bleach or acid clearly created a greater danger to society.

The law has a schedule of controlled substances upon which it penalizes an offender, yet no controlled substances are involved. A person could agree to sell marijuana to another party but when he goes to get the marijuana discovers that it has been stolen. The person then sells the purchaser a bottle of Jack Daniels whiskey in lieu of the marijuana. Under these circumstances, the person who sells a bottle of Jack Daniels whiskey is guilty of a felony.
Petitioner insists that the possible operation of the statute as expressed above demonstrates the lack of any rational basis to support the law.
In State v. Bussey, this Court rejected a challenge based on the asserted vagueness of the classification and penalty provisions of section 817.563, finding that the legislative intent was clearly to designate the seriousness of the offense by reference “to the controlled substance with respect to which the agreement, consent, or offer to sell is made.” 463 So.2d at 1144.
Before addressing petitioner’s argument, we should note that he was charged by information with two counts of felonious violation of section 817.563. Count one charged that he agreed to unlawfully sell methamphetamine, in lieu of which he then provided another substance. Count two charged that he agreed to sell methaqual-one, in lieu of which he then provided another substance. Petitioner moved to dismiss the charges on the ground that the statute was invalid. After argument upon and denial of the motion to dismiss, petitioner entered pleas of nolo contendere, admitting the factual allegations of the information on both counts.
The essence of petitioner’s argument is that there is no reasonable relation to a legitimate state objective in the statute’s prohibition of a transaction where in fact there is no controlled substance involved, where the offense is made a felony or a misdemeanor depending merely on the words the offender uses to describe the substance sold to the buyer.
In State v. Bussey we observed that the legislature had evidently determined that the conduct of one who offers, agrees, or consents to illegally sell a controlled substance and then provides something else in lieu of the contraband material promised, is inimical to the public welfare. We held that such legislative determination was sufficient to establish that the law was rationally related to a public purpose. The question now is whether the disparate treatment of offenders based on the identity of the substance they offered or agreed to sell also has a rational basis.
*551 The statute in question is not attacked on the ground of vagueness or overbreadth, nor on the ground that it violates constitutionally protected liberties or exceeds a constitutional limit on state power. The challenge is on the ground of lack of reasonable relationship to a legitimate state objective. The existence of facts to support the legislature’s determination, however, should be presumed. State v. Bales, 343 So.2d 9 (Fla.1977). The question of whether the statute’s classification and penalty provisions are wise policy is not for the courts to determine. State v. Yu, 400 So.2d 762 (Fla.), appeal dismissed, 434 U.S. 1134, 102 S.Ct. 988, 71 L.Ed.2d 286 (1981). Just as the legislature could reasonably determine that the conduct in question is dangerous to the public welfare, so it could also determine that an offer or agreement to sell certain controlled substances is a more serious offense than an offer or agreement to sell other controlled substances when in neither case are any controlled substances actually provided.
We therefore reject petitioner’s constitutional argument, uphold section 817.563(1) and (2), and approve the decision of the district court of appeal.
It is so ordered.
overton, McDonald, ehrlich and SHAW, JJ., concur.
ADKINS, J., concurs in result only.