GLICKSTEIN, Judge.
This is an appeal from a conviction for offering to sell a controlled substance and substituting another substance in violation of section 817.563, Florida Statutes (1981). We reverse.
The defendant, Mitchell, charged with offering to sell a rock of cocaine to a plainclothes officer, actually gave the officer a plastic bag containing another substance, a small rock (pebble). Before any money exchanged hands the defendant was taken into custody. The defendant filed a sworn motion to dismiss, contending that for a conviction to properly lie for a violation of section 817.563 a “sale” must have been completed. The state argued that a sale was actually completed if the definition of “sale” applicable to the Drug Abuse Prevention and Control Act is utilized. The trial court, relying on State v. Bussey, 463 So.2d 1141 (Fla.1985), denied the motion to dismiss. The defendant thereupon pled *633 nolo contendere and reserved the right to appeal the denial of the motion, was convicted and placed on three years' probation. This appeal followed.
The issue is whether the trial court erred in denying appellant’s sworn motion to dismiss Count I of the information, charging him with violation of section 817.563(1) because the sale was not completed. We conclude that it did.
The pertinent statute reads, in part:
817.563 Controlled substance named or described in s. 893.03; sale of substance in lieu thereof. — It is unlawful for any person to agree, consent, or in any manner offer to unlawfully sell to any person a controlled substance named or described in s. 893.03 and then sell to such person any other substance in lieu of such controlled substance.
The plain meaning of the statute is that a subsequent sale of a “bogus drug” is required. In State v. Bussey, 463 So.2d 1141 (Fla.1985), the supreme court stated:
Section 817.563 defines an offense having two constituent factual requirements that must be shown. The first is for a person to agree, consent, or offer to sell a controlled substance to another. The second is for the person to then provide “any other substance in lieu of such controlled substance.” These two requirements are based on a reading of the plain language of the statute and are set forth with sufficient clarity to withstand constitutional scrutiny.
While the court used the word “provide,” and the statute says “sell,” we believe there was no intent by the court to change the plain meaning of the statute.
Appellant points out, appropriately we think, that prior to the supreme court’s decision in Bussey the First District Court of Appeal specifically found that the second element of the crime proscribed in section 817.563 requires after the defendant has offered to sell a controlled substance “the defendant must then sell to such person any other substance in lieu of such controlled substance. The second element of this crime consists of the actual sale of an uncontrolled substance.” State v. Thomas, 428 So.2d 327 (Fla. 1st DCA), review denied, 436 So.2d 101 (Fla.1983).[1]
Appellant also properly relies upon Sipp v. State, 442 So.2d 392 (Fla. 5th DCA 1983), wherein the court said:
It is urged by the state that the officer’s promise of money was sufficient to complete the sale and it does not matter that neither the product nor the money changed hands. We cannot agree because we read this particular statute to require more than a seller’s possession with intent to sell and a buyer’s promise to pay.
Since the enactment of the current statute, the supreme court has ruled that “sale” of a controlled substance involves more than a delivery, as consideration is part of every sale. State v. Stewart, 374 So.2d 1381 (Fla.1979); Young v. State, 439 So.2d 306 (Fla. 5th DCA 1983). In Bosier v. State, 419 So.2d 1042 (Fla.1982), the supreme court found that the sale of illegal drugs is a crime separate and distinct from the delivery of illegal drugs. Bosier was further explained in State v. Mena, 471 So.2d 1297 (Fla. 3d DCA 1985).
We hold that because the sale was not completed, there being an absence of payment by the officer to the defendant, an essential element of the crime was lacking. *634 The sworn motion to dismiss should have been granted.
HERSEY, C.J., and DELL, J., concur.

. The state responds that a completed sale is not required under the logic of State v. Bussey because therein the Florida Supreme Court held that section 817.563 is a drug abuse statute and not a fraudulent practices statute; thus, the case law interpreting Chapter 893, Florida’s Comprehensive Drug Abuse Prevention and Control Act, applies and suggests that a sale need not be completed to sustain a conviction. In defining "sale” for purposes of the Drug Abuse Act the state asserts that case law indicates that an exchange of money need not have been completed to sustain a conviction. Delgado v. State, 229 So.2d 651 (Fla.3d DCA 1969); see abo State v. Combs, 330 So.2d 560 (Fla. 1st DCA 1976). Those cases do hold that to offer to sell narcotics & a sale of narcotics within the statute proscribing sale of narcotics. However, that statute, section 398.03, was the predecessor statute to section 893.13, the current statute.