WENTWORTH, Judge.
The state seeks review of an order dismissing a charge of possession of an imita *789 tion controlled substance with intent to sell, as follows:
Darius Jones, Defendant, seeks dismissal ... of the Information charging him with violation of Florida Statute sec. 817.-564(3).
... Defendant is entitled to dismissal of this charge based upon the undisputed facts of this case.
... Officer Neal Williams observed the Defendant engaging in an ostensible drug transaction. Upon making contact with Jones, the officer saw two rocks of suspected ‘crack’ cocaine near Defendant’s feet and found one in his pock-et_ Subsequent chemical analysis determined that the rocks were not- cocaine or any other controlled substance. The rocks were indeed rocks, in the generic sense of the word.
[[Image here]]
A careful reading of subsection (1) reveals that the statute is not applicable to the rocks possessed by the Defendant. The rocks are not in and of themselves ‘subject to abuse’ as required by that subsection_ This conclusion is further buttressed by ... testimony before the Senate Judiciary Committee that this statute was designed to criminalize the manufacture and distribution of chemical compounds which were not illegal or controlled substances, but which were marketed as or represented to be controlled substances.[1] (1. Senator Myers advised the committee that persons and firms were taking legal compounds, packaging them in pill or capsule form virtually identical to actual illicit drugs, and marketing them (primarily to young people) as illicit ‘drugs’ that would produce a ‘high’ or similar narcotic effect. The user would have to ingest relatively large numbers of these ‘fake’ drugs to attain a high. Several youths overdosed and died as a result of ingesting a similar, large number of capsules of the actual controlled substance, under the assumption that they were the same as those used previously.)
Section 817.564 reads in pertinent part (emphasis added):
Imitation Controlled Substances Defined; Possession and Distribution Prohibited.— (1) For the purposes of this section, the term ‘imitation controlled substance’ means a ... substance in any form whatsoever [I] which is not a controlled substance enumerated in chapter 893, [II] which is subject to abuse, and [III] which:
(a) By overall dosage unit appearance, including color, shape, size, markings, and packaging, or by representations made, would cause the likelihood that such ... substance will be mistaken for a controlled substance ... or ...
(b) By express or implied representation, purports to act like a controlled substance ...
(3) It is unlawful for any person to ... possess with the intent to manufacture, distribute, sell, or give an imitation controlled substance.
In support of the trial court’s construction of the statute, including the added emphasis and serial designations indicated by I, II, and III above, appellee contends that the phrase “which is subject to abuse” defines the imitation controlled substance itself, asserting that if it modified “a controlled substance enumerated in chapter 893” there would be no need for the comma between the two phrases. Although neither the syntax nor legislative history,[1] supra, is by any means conclusive, both being arguable in support of opposing interpretations, we conclude that these arguments at least demonstrate sufficient ambiguity in the enactment to call for application of lenity to foreclose prosecution as found by the trial court.
The language in this statute should be a prime target for legislative attention, since a contrary intention to proscribe the acts charged here can be easily accomplished (if *790 such is the legislative will) by omitting the words following “II” above.
Affirmed.
MINER, J., concurs.
ERVIN, J., concurs in result.

. State v. Thomas, 428 So.2d 327 (Fla. 1st DCA 1983), at 331; cf., Mitchell v. State, 488 So.2d 632 (Fla. 4th DCA 1986).