636 So.2d 853 (1994)
Calvin CARRUTHERS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3173.
District Court of Appeal of Florida, First District.
May 9, 1994.
Nancy A. Daniels, Public Defender, John R. Dixon, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Carruthers challenges his conviction for sale of a counterfeit controlled substance pursuant to section 817.563, Florida Statutes (1991). He asserts that the trial court erred 1) in failing to give an instruction on attempted sale of a counterfeit controlled substance, and 2) by instructing the jury as to the definition of sale by giving the standard jury instruction for crimes charged pursuant to *854 chapter 893, Florida Statutes, rather than giving the special instruction requested by the defense. We find that the trial court erred as to both issues.
Appellant was arrested pursuant to an undercover drug operation. Officer Griner testified that the appellant motioned for him to pull over. After exiting his vehicle, the officer asked appellant if he had a "20," explaining that this was slang for crack cocaine. Appellant produced a cellophane wrapper containing a substance which looked like rock cocaine, then Griner pulled a $20 bill out of his pocket and held it in his right hand. Griner stated that he was holding one end of the $20 bill while the appellant was holding the other end, but when Griner gave the code word for the take-down vehicles to move in to arrest the appellant, he (Griner) let go of the $20 bill. When appellant saw the other vehicles arrive, appellant threw down the $20 bill and the remaining pieces of what Griner believed to be rock cocaine. A crime laboratory analyst testified that he did not find any evidence of a controlled substance in the sample.
At trial, defense counsel requested that the court instruct the jury on attempted sale of counterfeit drugs as a lesser-included offense. The state objected to that instruction on the ground that the evidence showed there was a completed sale. The judge refused to give the attempt instruction. Defense counsel then requested that the jury be instructed in accordance with definition of a "sell" contained in Mitchell v. State, 488 So.2d 632 (Fla. 4th DCA 1986), rev. denied, 494 So.2d 1153 (Fla. 1980). The trial court refused to give this instruction, and instead gave the jury the definition of "sell" contained in the standard jury instructions as it applies to crimes charged under chapter 893, the Florida Comprehensive Drug Abuse Prevention and Control Act.
The general legal definition of "sell" as it is reflected in the jury instruction for crimes charged under chapter 893 is as follows:
`Sell' means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.

(Emphasis added).
Section 817.563, Florida Statutes, provides in pertinent part:
It is unlawful for any person to agree, consent, or in any manner offer to unlawfully sell to any person a controlled substance named or described in s. 893.03 and then sell to such person any other substance in lieu of such controlled substance.
The state argues that, even if the evidence is interpreted as showing that the $20 bill never completely changed hands, the crime was complete upon delivery of the substance along with the promise to pay $20 for it. On the other hand, the appellant argues that case law requires an exchange of money to show a completed sale; therefore, because the $20 bill in the instant case never actually left Officer Griner's hand before the appellant dropped the money, there was no actual sale. To support his argument, appellant relies on Mitchell v. State, supra, and Sipp v. State, 442 So.2d 392 (Fla. 5th DCA 1983).
In Mitchell, the defendant was arrested after delivering fake cocaine to officers but before any money or consideration changed hands. There, the 4th DCA held that the sale was not completed because there was an absence of payment by the officer to the defendant, i.e., the "sell" element of the crime was lacking. See also State v. Thomas, 428 So.2d 327 (Fla. 1st DCA 1983), rev. denied, 436 So.2d 101 (Fla. 1983). In Sipp, the appellant had been arrested for selling bogus marijuana before the substance and money were exchanged. There, the 5th DCA held that because the evidence demonstrated that there was only an agreement but no delivery and no sale, there was no support for a conviction under section 817.563, Florida Statutes. In both Sipp and Mitchell, as in the instant case, the state argued that a sale was actually completed if the chapter 893 definition of sale was utilized. In both cases, the reviewing courts distinguished the chapter 893 definition of sell from the chapter 817 definition of sell. In both cases, the reviewing court found that the chapter 817 definition of sell involved an exchange of consideration for a completed sale. In both *855 cases, the reviewing court reversed the appellant's conviction for a violation of section 817.563, finding that the sale did not involve a completed transfer of money between the parties.
Where the Legislature intended for the endeavor or attempt to commit a crime to be included as a violation of the substantive offense, it has so stated. See, e.g., § 918.14, Fla. Stat. (1975) (witness tampering); § 812.014, Fla. Stat. (1993) (theft); § 944.40, Fla. Stat. (1993) (escape). In such cases, a conviction for the principal substantive offense may be obtained based on a finding that the defendant attempted to commit the crime. Keel v. State, 438 So.2d 850 (Fla. 1st DCA 1983). The statutory provision with which we are dealing in the instant case, however, contains no language which would lead us to the conclusion that an attempt or endeavor to commit the crime would constitute commission of that crime. We, therefore, find that the lower court erred in giving the standard jury instruction defining the term sell as it is used for crimes charged under chapter 893, and refusing to provide the jury with an instruction which indicates that the sale, including delivery of consideration, must be complete to convict the defendant as charged. Further, giving the erroneous instruction was not harmless error because the jury instruction which was given could have led the jury to conclude, contrary to the law, that a mere promise to pay or attempt to sell could satisfy the "sell" element of section 817.563.
In addition, we find that the trial court erred in refusing to give the instruction on attempted sale of a counterfeit controlled substance. The appellant's defense at trial was that a complete exchange of money never occurred before his arrest; therefore, he could at most be convicted of attempted sale of a counterfeit controlled substance. A defendant is entitled to have the jury instructed on the law applicable to his theory of defense if there is any evidence introduced to support the instruction. Hudson v. State, 408 So.2d 224 (Fla. 4th DCA 1981); Solomon v. State, 436 So.2d 1041 (Fla. 1st DCA 1983).
Section 777.04(1) states in pertinent part:
Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration or is intercepted or prevented in the execution of the same, commits the offense of criminal attempt and shall, when no express provision is made by law for the punishment of such attempt, be punished as provided in subsection (4).
As discussed above, the statutory provision at issue in the instant case does not include language which would lead us to believe that the Legislature intended for the attempt to commit this crime to be included as a violation of the substantive offense. If the statute did contain such language, it would be error for the trial court to instruct the jury on an attempt to commit the crime as a separate offense. See Brown v. State, 550 So.2d 142 (Fla. 1st DCA 1989); Piantadosi v. State, 399 So.2d 382 (Fla. 3d DCA 1981), rev. denied, 408 So.2d 1095 (Fla. 1981); Hestor v. State, 363 So.2d 26 (Fla. 4th DCA 1978). Here, however, the absence of such language permits an application of section 777.04; therefore, an attempt instruction could have been given.
In Sipp, the court points out that the crime of attempted sale of a counterfeit controlled substance can be committed under section 817.563 where all the elements are met but no money is actually exchanged. Sipp, supra at 393-394. Based upon the evidence in this case, the jury could have found that appellant intended to complete the sale and took affirmative action toward that goal, but was intercepted or prevented from completing the sale. Under these circumstances, the trial court erred in failing to give the requested instruction on attempt.
We, therefore, reverse and remand for a new trial.
BARFIELD, J., concurs.
BENTON, J., dissenting with written opinion.
BENTON, Judge, dissenting.
Whether or not appellant received the money he sought, his offense was complete *856 upon transfer or delivery of a substance "in lieu of [the] controlled substance," section 817.563, Florida Statutes (1991), he had agreed to sell. Appellant does not contend, and there is no evidence to support, a finding that his efforts to accomplish delivery of the substance were frustrated; or a finding that he attempted, but did not succeed, in agreeing, consenting, or offering to sell a controlled substance.
In light of the evidence, the trial court's refusal to instruct the jury on the elements of an attempt to violate section 817.563, Florida Statutes (1991), was correct, in my opinion. Under Florida Rule of Criminal Procedure 3.510(a), the trial "judge shall not instruct the jury [regarding an attempt] if there is no evidence to support such attempt and the only evidence proves a completed offense." (Emphasis supplied.) See State v. Wimberly, 498 So.2d 929, 931 (Fla. 1986).
Because I believe the jury instruction regarding sale was also correct, I respectfully dissent from the judgment reversing the conviction. Under State v. Bussey, 463 So.2d 1141 (Fla. 1985), the prosecution need not prove that the accused vendor received money in exchange for a substance delivered in lieu of a controlled substance that the accused has agreed, consented, or offered to sell, in order to obtain a conviction under section 817.563, Florida Statutes.
The opinion in Sipp v. State, 442 So.2d 392 (Fla. 5th DCA 1983), which contains obiter dicta otherwise, came down before State v. Bussey, 463 So.2d 1141 (Fla. 1985), was decided. Although the Sipp court did say that
to violate the statute the sale must have been truly completed  delivery (actual or constructive) of the substance the police were led to believe was controlled but turned out not to be, and a payment,
Sipp v. State, 442 So.2d 392, 394 (Fla. 5th DCA 1983), that case is distinguishable from the present case, because Mr. Sipp never effected delivery of the ersatz marijuana he was peddling. Id.
Our own decision in State v. Thomas, 428 So.2d 327 (Fla. 1st DCA 1983) resolved the narrow question whether section 817.563, Florida Statutes (1981) was constitutional on its face,[1] and did not decide the question presented here. Any dicta in State v. Thomas, supra, supporting the majority's view, like the dicta in Sipp v. State, supra, have been superseded to the extent they may differ from our supreme court's definitive pronouncement in State v. Bussey, 463 So.2d 1141 (Fla. 1985).
Declaring that "[i]t is not necessary that we provide specific justifications for the statute in terms of state policy," State v. Bussey, 463 So.2d 1141, 1145 (Fla. 1985), the supreme court decided "that the legislature could reasonably have concluded that the providing of bogus drugs ... is ... inconsistent with the health and welfare of the people," at 1144-45, and specifically held:
Section 817.563 defines an offense having two constituent factual requirements that must be shown. The first is for a person to agree, consent, or offer to sell a controlled substance to another. The second is for the person to then provide `any other substance in lieu of such controlled substance.'
463 So.2d at 1144. The Court found "that section 817.563 is not a fraud statute," at 1143, "concerned with protecting persons illegally purchasing controlled substances from the danger of being sold bogus controlled substances," id., and explicitly rejected the view[2] that the statute requires "proof of *857 specific intent to obtain money by false pretenses." 463 So.2d at 1143.
Our sister court's decision in Mitchell v. State, 488 So.2d 632 (Fla. 4th DCA 1986) supports the majority's view. The Mitchell court "h[e]ld that because the sale was not completed, there being an absence of payment by the officer to the defendant, an essential element of the crime was lacking." At 633. The Mitchell court itself seemed to recognize, however, that its decision was in conflict with State v. Bussey, 463 So.2d 1141 (Fla. 1985), which it declined to follow, saying, "[W]e believe there was no intent by the [Supreme C]ourt [of Florida in State v. Bussey, supra] to change the plain meaning of the statute." 488 So.2d at 633. The trial court properly disregarded the Mitchell court's construction and followed the statute as construed by the supreme court. We should do the same.
NOTES
[1] Although there is some confusion on the point, the supreme court's decision in State v. Bussey, 463 So.2d 1141 (Fla. 1985) "quash[ed] th[r]ee decision[s] of the [Fourth] district court of appeal," 463 So.2d at 1145, including two which had overturned convictions, Dotson v. State, 446 So.2d 1084 (Fla. 4th DCA 1984) and Gaines v. State, 444 So.2d 553 (Fla. 4th DCA 1984).
[2] The supreme court disapproved the district court's finding in State v. Bussey, 444 So.2d 63 (Fla. 4th DCA 1984) that "Section 817.563 ... [is] a fraud statute and as such, it was a violation of due process to prosecute the defendant under the statute which makes no provision for specific intent as to sale of the uncontrolled substance." At 65. Under State v. Bussey, 463 So.2d 1141 (Fla. 1985), intentional delivery of another substance in lieu of a controlled substance which the defendant has agreed, consented, or offered to sell, and "which the defendant knew to be a controlled substance," State v. Thomas, 428 So.2d 327, 330 (Fla. 1st DCA 1983), consummates this statutory crime.