WEBSTER, Judge.
In this direct criminal appeal, appellant seeks review of his convictions of purchase of marijuana, or possession of marijuana with intent to purchase it; and of attempted possession of more than twenty grams of marijuana. Appellant raises four issues: (1) whether it was error to deny his motion to dismiss and subsequent motion for judgment of acquittal based upon an entrapment defense; (2) whether it was error to deny his motion to dismiss based upon allegations that the state had failed to produce certain exculpatory evidence; (3) whether it was error to deny his motion for judgment of acquittal on the charge of purchase of marijuana, or possession of marijuana with intent to purchase it, based upon legal insufficiency of the evidence; and (4) whether it was error to deny his motion for arrest of judgment on the charge of purchase of marijuana, or possession of marijuana with intent to purchase it, on the ground of inconsistent verdicts. Because we conclude that the jury’s verdicts were inconsistent, we are constrained to reverse the conviction of purchase of marijuana, or possession of marijuana with intent to purchase it.
In count one of the information, appellant was charged with purchase of marijuana, or possession of marijuana with intent to purchase it, in violation of section 893.13(l)(a)2., Florida Statutes (1991). In count two of the information, appellant was charged with possession of more than twenty grams of marijuana, in violation of section 893.13(l)(f), Florida Statutes (1991). It is clear that the same marijuana was the subject of both counts of the information. The jury returned verdicts finding appellant guilty as charged in count one, and guilty of the lesser-included offense of attempted possession of more than twenty grams of marijuana with regard to count two.
The evidence, viewed in a light most favorable to the state, established the following. Members of the Escambia County Sheriffs Office were involved in an undercover drug investigation. Through confidential informants, appellant was introduced to two officers working undercover. The officers offered to sell appellant a pound of mariguana. *166 Appellant took the bag containing the marijuana, opened it, and examined the marijuana. Appellant said that the marijuana did not appear to be of good quality. He asked if he could smoke’ some to test it. The officers agreed, and one rolled a marijuana cigarette, which appellant smoked. After some additional negotiations, appellant indicated that he might be willing to buy a half pound for $500.00. At that point, appellant and the officer who had been handling the negotiations moved from the living room to the kitchen. The officer began taking marijuana out of the bag and placing it onto a tray, trying to divide the marijuana in half. As the officer was removing marijuana from the bag, appellant was “pushing through” the portion on the tray, examining it. When the officer had placed a satisfactory amount of marijuana on the tray, appellant said, “Okay, I’ll go with this.” The officer who had been handling the negotiations then said, for the first time, that he “wanted to see some money.” Appellant reached into his pocket and pulled out “a roll of money.” At that point, “before any money was ever handed to (the officer) and before any marijuana was handed to (appellant),” the back-up officers entered and arrested appellant.
We conclude that the evidence, viewed in a light most favorable to the state, was legally insufficient to support a verdict of guilty of purchase of marijuana, because appellant was arrested before the transaction could be completed. See generally Mitchell v. State, 488 So.2d 632 (Fla. 4th DCA) (no “sale” occurs for purposes of section 817.563, Florida Statutes (1981), when defendant is arrested after delivering alleged drugs to undercover officer, but before payment is made), review denied, 494 So.2d 1153 (Fla. 1986). However, the evidence was legally sufficient to support a verdict of guilty of possession of marijuana with intent to purchase it. Compare Campbell v. State, 577 So.2d 932 (Fla.1991) (evidence of interest in and ability to exercise some control over drugs sufficient to present jury question of actual or constructive possession) with Garces v. State, 485 So.2d 847 (Fla. 3d DCA1986) (mere temporary control of drugs in presence of owner solely for purpose of verification or testing is legally insufficient to establish possession). We reach this conclusion based upon our belief that one may be convicted of a violation of section 893.13(l)(a) if he or she possesses drugs with the intent to purchase (or sell) them, even if the purchase (or sale) is, for some reason, frustrated before it can be completed. See, e.g., Sipp v. State, 442 So.2d 392 (Fla. 5th DCA1983) (conviction pursuant to section 893.13 may be based upon either a completed sale of drugs or possession of drugs with intent to sell).
Having concluded that the evidence was legally sufficient to support a verdict of guilty of possession of marijuana with intent to purchase it, but not of an actual purchase, the inconsistency in the jury’s verdicts becomes apparent. While there was evidence from which the jury could have found that appellant possessed the marijuana with intent to purchase it, the jury’s verdict of guilty only of attempted possession of the same marijuana with regard to the charge made in count two of the information indicates that the jury found the evidence insufficient to establish that appellant had ever actually or constructively possessed the marijuana. Generally, inconsistent verdicts are not prohibited. However, they are not permitted when “what the jury fails to find in one count vitiates a guilty verdict on a separate count to the benefit of the defen-dant_” Naumowicz v. State, 562 So.2d 710, 713 (Fla. 1st DCA 1990), review denied, 576 So.2d 289 (Fla.1991). Here, the jury’s failure to find appellant guilty of possession of marijuana as charged in count two of the information cannot be reconciled with a verdict of guilty of possession of marijuana with intent to purchase it. Accordingly, we are constrained to reverse appellant’s conviction of purchase of marijuana, or possession of marijuana with intent to purchase it, as charged in count one of the information, and to remand with directions that the trial court enter a judgment of acquittal on that charge. Appellant’s remaining arguments merit neither discussion nor reversal. Therefore, his conviction of attempted possession of more than twenty grams of marijuana is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
*167 ALLEN, J., concurs.
BOOTH, J., concurs in part and dissents in part with written opinion.