BOOTH, Judge,
concurring in part and dissenting in part.
I concur in the majority’s disposition of the first three issues raised by appellant but cannot agree that the evidence in this case was insufficient to permit the jury to conclude that a completed sale had taken place simply because appellant was arrested immediately prior to his physically handing money to the officers. The sale with which appellant was charged took place at the point in time when officers delivered the marijuana to appellant, and appellant agreed to pay for the marijuana. While I agree that a contract for sale is not the same as a sale, once the officers delivered the marijuana to appellant following appellant’s agreement to pay for it, the contract was no longer executory and a sale had taken place. Mitchell v. State, 488 So.2d 632 (Fla. 4th DCA 1986), review denied, 494 So.2d 1153 (Fla.1986), does not require the result the majority has reached, since that case did not indicate whether, at the time delivery of the counterfeit controlled substance had taken place, a specific agreement for payment had been made.