Ms. Emeline C. Acton Hillsborough County Attorney Post Office Box 1110 Tampa, Florida 33601
Dear Ms. Acton:
On behalf of the Hillsborough County Supervisor of Elections, you ask substantially the following question:
Does section 97.0585(2), Florida Statutes, make the voters' and witnesses' signatures on the voter's certificate located on the back of the absentee ballot envelope confidential and exempt?
In sum:
The exemption afforded by section 97.0585(2), Florida Statutes, refers to voter registration records and does not apply to or exempt the voters' and witnesses' signatures on the voter's certificate located on the back of the absentee ballot envelope.
You state that the supervisor has received a request from a law firm representing the New York Times, requesting to inspect the absentee ballot envelopes from the 2000 general election. Recognizing the importance of the Public Records Law in this state and in an effort to clarify this issue for all supervisor of elections who have received similar requests, the Hillsborough supervisor of elections has asked you to request this office's opinion on this issue.
It is a general policy of this state that the records of the state and local government shall be open for inspection by any person.[1] Such a right of access is now recognized in our State Constitution.[2] Pursuant to section 119.07(1)(a), Florida Statutes, every person having custody of a public record "shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian's designee." Thus, in the absence of an exemption, records made or received by the supervisor of elections in connection with the transaction of official business are subject to disclosure.[3]
Section 97.0585, Florida Statutes, provides:
"(1) All declinations to register to vote made pursuant to ss.97.057 and 97.058 are confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution and may be used only for voter registration purposes.
(2) Information relating to the place where a person registered to vote or where a person updated a voter registration is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution; and a voter's signature, social security number, and telephone number may not be copied and are exempt for that purpose from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution."
Section 97.0585, Florida Statutes, was created by Chapter 94-345, Laws of Florida.[4] The title to Chapter 94-345 states that it is:
"An act relating to the confidentiality of records relating tovoter registration; providing exemptions from public records requirements for information relating to the decision of persons with respect to specified voter registration; providing for future review and repeal; providing a finding of public necessity; providing an effective date." (e.s.)
The title of an act, although not a part of the basic act, has the function of defining the scope of the act.[5] In addition, in adopting the exemptions from Chapter 119, Florida Statutes, the Legislature set forth the public necessity justifying the exemptions. Such a statement is required by Article I, s. 24(c), Florida Constitution which requires that the exemption be no broader than necessary to accomplish this state purpose.[6]
Section 3 of Chapter 94-345, Laws of Florida, states:
"The exemptions provided in this act are necessary because the confidentiality of information relating to the decision not to register to vote or relating to the place where a person registers to vote is required by the National Voter Registration Act[7] with respect to registration procedures for federal elections. Since Florida has a unified voter registration system for federal and state elections, this information must be kept confidential in order to ensure full compliance with the National Voter Registration Act. The exemptions are also provided to protect personal information about individuals applying for or receiving public assistance. In addition, keeping this information confidential and exempt from the public records law, keeping voters' signatures, social security numbers, and telephone numbers exempt from copying, will encourage voter registration and remove disincentives to registering to vote."
An examination of the legislative history supports the conclusion that the exemptions afforded by section 97.0585, Florida Statutes, including subsection (2), relate to registration records only. The Staff Analysis for House Bill 2321 (passed as Chapter 94-345, Laws of Florida), summarizes the bill as follows:
"HB 2321 provides exemptions to the public records law for certaininformation relating to voter registration. First, this bill will make information regarding a person's decision to decline to register to vote confidential. Second, if a person does register to vote, this bill will make the location of where the person registered confidential. Finally, while a person's voterregistration record can be viewed by the public, this bill willmake the signature, telephone number and social security numberexempt from being copied."[8] (e.s.)
In discussing the effect of the proposed changes, the staff analysis states that "[p]roviding an exemption from the public records law for copying a voter's signature, social security number, and telephone number from the voter's registration record
will encourage registration and remove disincentives to registering to vote since this information is of a private and personal nature."[9]
Nothing in either the legislative history, statement of public necessity, or title to the legislation indicates an intent by the Legislature to apply the exemption created by section 97.0585, Florida Statutes, to anything other than voter registration records. It is a fundamental rule of statutory construction that statutes are to be read to effectuate the Legislature's intent.[10] Moreover, the courts of this state have recognized that the Public Records Act is to be liberally construed in favor of open government while exemptions from disclosure are to be narrowly construed so they are limited to their stated purpose.[11]
Accordingly, in light of the above, I am of the opinion that the exemption afforded by section 97.0585(2), Florida Statutes, refers to voter registration records and does not apply to or exempt the voters' and witnesses' signatures on the voter's certificate located on the back of the absentee ballot envelope.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 119.01(1), Fla. Stat. And see, s. 119.07(1)(a), Fla. Stat.
[2] See, Art. I, s. 24(a), Fla. Const. 
[3] See, s. 119.011(1), Fla. Stat., defining "Public record."
[4] Section 97.0585, Fla. Stat., was amended in 1996, to delete the reference in both subsections (1) and (2) to the Open Government Sunset Review Act: These exemptions are subject to theOpen Government Sunset Review Act in accordance with theprovisions of s. 119.14. See, s. 24, Ch. 96-406, Laws of Florida. Section 119.14 was repealed by s. 1, Ch. 95-217, Laws of Florida.
[5] See, e.g., Finn v. Finn, 312 So.2d 726 (Fla. 1975); Parkerv. State, 406 So.2d 1089 (Fla. 1981) (one indicator of Legislature's intent is the title of the law enacting the statute); State v. Bussey, 463 So.2d 1141 (Fla. 1985) (while title is not determinative on issue of legislative intent, it may be persuasive); Ops. Att'y Gen. Fla. 99-67 (1999) (court may look to the title of an act to interpret the intent of the Legislature); 98-82 (1998); 97-40 (1997).
[6] See, Art. I, s. 24(c), Fla. Const., stating in part that the Legislature may provide by general law for the exemption of records from the requirements of Art. I, s. 24(a), Fla., Const., provided "such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law."
[7] See, 42 U.S.C.A. s. 1973gg et seq.
[8] House of Representatives Committee on Ethics and Elections Final Bill Analysis Economic Impact Statement, on HB 2321 (as passed by the Legislature, Ch. 94-345, Laws of Florida), dated June 7, 1994.
[9] Id.
[10] See, e.g., Ervin v. Peninsular Telephone Co., 53 So.2d 647
(Fla. 1951) (the Supreme Court has the duty in construction of statutes, to ascertain the Legislature's intention and effectuate it); State v. Webb, 398 So.2d 820 (Fla. 1981) (legislative intent is the polestar by which the courts must be guided).
[11] See, e.g., Krischer v. D'Amato, 674 So.2d 909, 911 (Fla. 4th DCA 1996); Seminole County v. Wood, 512 So.2d 1000, 1002
(Fla. 5th DCA 1987), rev. den., 520 So.2d 586 (Fla. 1988).