Mr. Carl E. Kern Flagler County Attorney 1200 East Moody Boulevard, #11 Bunnell, Florida 32110
Dear Mr. Kern:
On behalf of the Supervisor of Elections for Flagler County, you ask substantially the following question:
Are the signatures of electors on the precinct register as provided by section 98.461, Florida Statutes, exempt from copying under the provisions of the Florida Election Code?
In sum:
The signatures of electors on the precinct register are exempt from copying under the provisions of the Florida Election Code.
According to your letter, the Flagler County Elections Office has been requested by a member of the media who is investigating voter fraud to copy the signature of a particular voter contained on the precinct register. In light of the provisions of section 97.0585(2), Florida Statutes, and section 98.095, Florida Statutes, you ask whether the signature of the voter may be copied from the precinct register at the request of a member of the media.
Section 98.095, Florida Statutes, relates to the inspection and copying of county registers. Section 98.095(l)(a)1. provides that while the registration books of each county in this state are public records and any citizen of the state may examine the registration books of any county when they are in the custody of the supervisor of that county, such citizens are not allowed to make copies or extracts therefrom except as provided therein.
Pursuant to section 98.095(1)(a)2., Florida Statutes, within 15 days of a request for voter registration information, "the supervisor shall furnish any requested information, excluding only a voter's signature and social security number and such other information that is by statute specifically made confidential or is exempt from public records requirements, which the supervisor maintains pursuant to `The Florida Election Code.'"[1] The information provided by the supervisor pursuant to this section shall be furnished only to:
"(a) Municipalities; (b) Other governmental agencies; (c) Candidates, to further their candidacy; (d) Registered political committees, registered committees of continuous existence, and political parties or officials thereof, for political purposes only; and (e) Incumbent officeholders, to report to their constituents."[2]
The information may not be used for commercial purposes and no person to whom a list of registered voters is made available under the statute, or person who acquires such a list, shall use any information contained therein for purposes which are not related to elections, political or governmental activities, voter registration, or law enforcement.
Pursuant to section 98.095(3), Florida Statutes, anyone acquiring a list of registered voters from the office of the supervisor must take and subscribe to an oath that he or she is authorized by section 98.095 to acquire the information, that the information will be used only for the purposes outlined in the statute and for no other purposes, and that the person subscribing to the oath will not permit the use or copying of such information by persons not authorized by the election code.
Section 97.0585(2), Florida Statutes, provides:
"Information relating to the place where a person registered to vote or where a person updated a voter registration is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution; and a voter's signature, social security number, and telephone number may not be copied and are exempt for that purpose from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution."
Section 97.0585, Florida Statutes, was created by Chapter 94-345, Laws of Florida. The title to Chapter 94-345 states that it is "[a]n act relating to the confidentiality of records relating to voter registration[.]" (e.s.) As this office noted in Attorney General Opinion 01-07, the title of an act, although not a part of the basic act, has the function of defining the scope of the act.[3] In addition, in adopting the exemptions from Chapter 119, Florida Statutes, the Legislature set forth the public necessity justifying the exemptions. Such a statement is mandated by Article I, section 24(c), Florida Constitution, which requires that the exemption be no broader than necessary to accomplish this stated purpose.[4] Section 3 of Chapter 94-345, Laws of Florida, states:
"The exemptions provided in this act are necessary because confidentiality of information relating to the decision not to register to vote or relating to the place where a person registers to vote is required by the National Voter Registration Act[5] with respect to registration procedures for federal elections. Since Florida has a unified voter registration system for federal and state elections, this information must be kept confidential in order to ensure full compliance with the National Voter Registration Act. The exemptions are also provided to protect personal information about individuals applying for or receiving public assistance. In addition, keeping this information confidential and exempt from the public records law, keeping voters' signatures, social security numbers, and telephone numbers exempt from copying, will encourage voter registration and remove disincentives to registering to vote."
The Staff Analysis for House Bill 2321 (passed as Chapter 94-345, Laws of Florida), summarizes the bill as follows:
"HB 2321 provides exemptions to the public records law for certaininformation relating to voter registration. First, this bill will make information regarding a person's decision to decline to register to vote confidential. Second, if a person does register to vote, this bill will make the location of where the person registered confidential. Finally,while a person's voter registration record can be viewed by the public,this bill will make the signature, telephone number and social securitynumber exempt from being copied."[6] (e.s.)
In discussing the effect of the proposed changes, the staff analysis states that "[p]roviding an exemption from the public records law for copying a voter's signature, social security number, and telephone numberfrom the voter's registration record will encourage registration and remove disincentives to registering to vote since this information is of a private and personal nature."[7]
Based upon the above, this office concluded in Attorney General Opinion 01-07 that the exemption afforded by section 97.0585(2), Florida Statutes, applied only to voter registration records.[8] Subsequently in Attorney General Opinion 01-16, this office stated that section 98.095, Florida Statutes, by its terms applies only to voter registration information contained in the county registration books.[9]
Your inquiry concerns application of section 97.0585(2), Florida Statutes, to a precinct register as provided in section 98.461, Florida Statutes. Section 98.461 provides in pertinent part:
"A registration form, approved by the Department of State, containing the information required in s. 97.052 shall be filed alphabetically in the office of the supervisor as the master list of electors of the county. . . . A computer printout may be used at the polls as a precinct register in lieu of the registration books. The precinct register shall contain the date of the election, the precinct number, and the following information concerning each registered elector: last name, first name, and middle name or initial; party affiliation; residence address; registration number; date of birth; sex, if provided; race, if provided; whether the voter needs assistance in voting; and such other additional information as to readily identify the elector. The precinct register may also contain a list of the forms of identification, which must include, but is not limited to, a Florida driver's license, a Florida identification card issued under s. 322.051, or another form of picture identification approved by the Department of State. The precinct registermay also contain a space for the elector's signature, a space for the initials of the witnessing clerk or inspector, and a space for the signature slip or ballot number." (e.s.)
Thus, it appears that the precinct register is used as a substitute for the registration books; both contain information derived from the registration forms. In lieu of bringing the registration books to the precincts, a computer printout of the information contained in the voter registration forms is used as the precinct register. The precinct register is used for the purpose of determining whether an individual has registered and is eligible to vote. Section 98.471, Florida Statutes, specifically states that the precinct register, as prescribed in section98.461, may be used at the polls in lieu of the registration books for the purpose of identifying the elector at the polls prior to allowing him or her to vote:
"The clerk or inspector shall require each elector, upon entering the polling place, to present a Florida driver's license, a Florida identification card issued under s. 322.051, or other form of picture identification approved by the Department of State. The elector shall sign his or her name in the space provided, and the clerk or inspector shall compare the signature with that on the identification provided by the elector and enter his or her initials in the space provided and allow the elector to vote if the clerk or inspector is satisfied as to the identity of the elector. . . ."[10]
Thus, the precinct register would appear to constitute records relating to registration.
You have advised this office, however, that the signatures on the precinct register are also used as a poll list. Section 101.23(1), Florida Statutes, provides in pertinent part:
"When any person has been admitted to vote, the person's name shall be checked by the clerk or one of the inspectors at the place indicated upon the registration books or voter history form provided by the supervisor. One of the inspectors shall, at the same time, keep a poll list containing names of electors who have voted or a list of registered electors, on which those electors who have voted are indicated."
This office has previously stated that a "poll list," i.e., a lists of qualified voters who have actually participated in an election, is not synonymous with "registration lists."[11] This office stated that the polling list is compiled by a precinct inspector during the course of an election, while at the same time another inspector is verifying the voter's registration and marking the registration book to indicate on his or her permanent registration record the person's participation in the election.
While a poll list may not be synonymous with a registration list, it does constitute a list of qualified voters. As noted above, section 98.095, Florida Statutes, limits the provision of copies of such voter lists to certain entities and requires that any persons obtaining such a list swear that he or she is a person authorized to obtain information on registered voters and that the information will be used only for the purposes set forth in the statute and that it will not be used or copied by persons not authorized by the Florida Election Code. Moreover, according to your letter, the signatures in question are currently contained in and are a part of the precinct register which would appear to constitute a registration record.
The Legislature may wish to clarify the status of such records. Until such time, however, I am of the opinion that the signatures of electors on the precinct register as provided by section 98.461, Florida Statutes, exempt from copying under the provisions of the Florida Election Code.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] But see, s. 98.095(1)(b), Fla. Stat., stating that notwithstanding paragraph (a), if after the most recent election there is a request for information relating to electors who voted in that election, within 15 days of the request the supervisor shall either provide the information or allow the persons, entities, or agents thereof, as authorized in this section, to personally extract or copy the information.
[2] Section 98.095(2), Fla. Stat.
[3] See, e.g., Finn v. Finn, 312 So.2d 726 (Fla. 1975); Parker v.State, 406 So.2d 1089 (Fla. 1981) (one indicator of Legislature's intent is the title of the law enacting the statute); State v. Bussey,463 So.2d 1141 (Fla. 1985) (while title is not determinative on issue of legislative intent, it may be persuasive); Ops. Att'y Gen. Fla. 99-67 (1999) (court may look to the title of an act to interpret the intent of the Legislature); 98-82 (1998); 97-40 (1997).
[4] See, Art. I, s. 24(c), Fla. Const., stating in part that the Legislature may provide by general law for the exemption of records from the requirements of Art. I, s. 24(a), Fla., Const., provided "such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law."
[5] See, 42 U.S.C.A. s. 1973gg et seq.
[6] House of Representatives Committee on Ethics and Elections Final Bill Analysis Economic Impact Statement, on HB 2321 (as passed by the Legislature, Ch. 94-345, Laws of Florida), dated June 7, 1994.
[7] Id.
[8] See, Op. Att'y Gen. Fla. 01-07 (2001) (exemption afforded by s.97.0585(2), Fla. Stat., does not apply to or exempt the voters' and witnesses' signatures on the voter's certificate located on the back of the absentee ballot envelope).
[9] See, Op. Att'y Gen. Fla. 01-16 (2001) (s. 98.095, Fla. Stat., does not make voter information on the voter's certificate located on the back of an absentee ballot envelope confidential and exempt from the Public Records Law).
[10] And see, s. 98.481, Fla. Stat. (in any county using a precinct register in lieu of registration books at the polls, the right to vote of any person who desires to vote may be challenged in accordance with the provisions of s. 101.111, except that the inspector shall compare information supplied by such person with that entered or described on the precinct register opposite the elector's name). And see, s. 97.021(25), Fla. Stat., defining "Provisional ballot" to mean a ballot issued to a voter by the election board at the polling place on election day because the voter's name does not appear on the precinct register and verification of the voter's eligibility cannot be determined; or there is an indication on the precinct register that the voter has requested an absentee ballot and there is no indication whether the voter has returned the absentee ballot.
[11] See, Op. Att'y Gen. Fla. 74-284 (1974), stating that a polling list compiled at a polling place on the day of election is not a public record available to the public for inspection and copying until it is transmitted to, and in the custody of, the supervisor of elections following an election at which time it is subject to inspection as provided in the Florida election laws and the Public Records Law. Cf.,Application of Superintendent of Elections, 15 A.2d 813 (N.J. 1940) (poll book used at election is not the same as the signature copy register and the terms are not interchangeable; signature in poll book is voter's proof that he or she is person a record of whose signature is permanently in the signature copy register). But see, William v. Keyes, 186 So. 250
(Fla. 1938), in which the poll list was admitted into evidence as part of the registration system for the City of Miami.